**UNITED STATES FIDELITY & GUARANTY CO. v. SUMMERS. (No. 8485.)**

(Court of Civil Appeals of Texas. Galveston. April 24, 1924. Rehearing Denied May 8, 1924.)

**1. Master and servant ⬅➡401 — Petition in compensation suit against insurer held sufficient as alleging insurance contract.**

Petition in action to set aside decision of Industrial Accident Board and recover compensation from insurer, alleging that employer was subscriber to Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246–1 to 5246–91) and carried a policy of insurance with defendant, *held* sufficient against general demurrer based on failure to allege contract of insurance.

**2. Master and servant ⬅➡401—Petition in compensation suit against insurer sufficient though failing to allege number of employees.**

Failure of petition to allege that employer had sufficient number of employés to authorize it to become subscriber under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246–1 to 5246–91) did not render it insufficient in stating a cause of action against insurer, whose liability does not depend upon whether employer is authorized to be subscriber under act.

**3. Master and servant ⬅➡404—Award inadmissible against insurer in compensation suit.**

Award of Accident Board was not admissible as evidence of any fact recited in findings of Board nor was fact that Board had awarded compensation against insurer any evidence of insurer's liability therefor in a suit to set aside award and recover compensation from insurer.

**4. Appeal and error ⬅➡1050(2)—Admission of irrelevant and immaterial evidence which could have been of no weight with jury harmless.**

Admission of irrelevant and immaterial evidence which could have had no weight or influence with jury was harmless.

**5. Master and servant ⬅➡418(5)—Presumption in favor of judgment in compensation suit.**

In suit to set aside award of Industrial Accident Board and recover compensation from insurer, it will be presumed in support of judgment that court decided an issue not submitted to jury in favor of its judgment, if there is any evidence to support such findings, in view of Rev. St. art. 1985.

**6. Master and servant ⬅➡405(1)—Finding of compensation insurance sustained.**

In suit to set aside award of Industrial Accident Board and recover compensation from insurer, evidence *held* sufficient to authorize finding that defendant issued policy of insurance to the employer.

**7. Master and servant ⬅➡417(4½)—Personal service of notice of appeal in compensation case unnecessary.**

Personal service of notice of appeal from an award of Accident Board is not necessary, and sending of notice by registered mail is sufficient.

**8. Courts ⬅➡90(1)—Opinions of Commission of Appeals as to notice of appeal from Accident Board binding on court of appeals.**

Law as laid down in opinions of Commission of Appeals that personal notice of appeal from Accident Board is not necessary is binding upon Court of Civil Appeals.

**9. Master and servant ⬅➡418(7)—Excessive judgment for compensation may be reformed on appeal.**

Judgment on verdict excessive in awarding compensation for two weeks longer time than elapsed between date of injury and date of judgment may be reformed on appeal, where employee offers to remit excess amount.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Proceeding by Charles Summers, under the Workmen's Compensation Act to recover compensation for personal injuries while employed by the Oleander Compress & Warehouse Company, opposed by the United States Fidelity & Guaranty Company, insurance carrier. The Industrial Accident Board denied compensation, and plaintiff obtained judgment for compensation, and the insurance carrier appeals. Reformed and affirmed.

Hunt & Teagle, of Houston, for appellant.
Frank S. Anderson, of Galveston, for appellee.

PLEASANTS, C. J. This is a suit by appellee against appellant brought under the provisions of the Workmen's Compensaton Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) of this state to recover compensation insurance alleged to be due him because of an injury received by him in the course of his employment.

Plaintiff's petition contains the following allegations:

"That the defendant is, and it was at all of the times herein mentioned, a foreign corporation, duly authorized to transact business in the state of Texas, and to write Workmen's Compensation Insurance therein, and that at all of the times herein mentioned, the Oleander Compress & Warehouse Company was a subscriber to the Employers' Liability Act of the state of Texas, and on or about the 26th day of October, 1921, carried a policy of insurance with the defendant.

"That on the said 26th day of October, 1921, the plaintiff was in the employ of said Oleander Compress & Warehouse Company, and as such employee was covered by said policy of insurance, and that on said date, and while engaged in the course of his employment, the plaintiff sustained injuries which since said date have caused him to be totally incapacitated from performing any work or labor, and that such total incapacity will continue for an indefinite period of time; that the average weekly wages of the plaintiff at the time of the said injuries was the sum of $19.61 per week, and that on account of said injury he was and is entitled to compensation at the rate of $11.77 per week.

"That within 30 days after the said accident the plaintiff gave notice thereof to the defendant and to the said Oleander Compress & Warehouse Company, and within 6 months after said injury he made claim for compensation against the defendant and filed his said claim with the Industrial Accident Board, and that on or about the 1st day of February, 1922, the said Industrial Accident Board made and filed its final order and decision in respect to said claim, a copy of which is hereto annexed, marked Exhibit A and made a part of this petition, and that within 20 days after the rendition of said final ruling and decision the plaintiff gave notice to the Industrial Accident Board and to the defendant herein, that he would not be bound by said final ruling and decision, and

that within 20 days he would file a suit in some court of competent jurisdiction in the county of Galveston, where said injury occurred, to set aside said final ruling and decision and for a trial de novo.

"Plaintiff further alleges that the said final ruling and decision of said Industrial Accident Board in respect to said claim was and is contrary to the law and facts and should be set aside, and this suit is brought by the plaintiff under the provisions of the Employers' Liability Act to set aside said final ruling and decision and for a trial de novo.

"Plaintiff further alleges that by reason of said injury he is entitled to recover compensation at the rate of $11.77 per week during the period of his total and partial incapacity, to wit, for a period of 400 weeks."

The defendant answered by general demurrer, special exceptions, and general denial. The demurrer and exceptions were overruled by the trial court.

Upon the trial in the court below the cause was submitted to the jury upon special issues. The issues submitted, and the responses of the jury thereto, were as follows:

"Special Issue No. 1: Was the plaintiff Summers wholly incapacitated from labor for any length of time by reason of his alleged injuries? Answer 'Yes' or 'No,' as you may find the facts to be. If you answer 'Yes,' then state how long he was so wholly incapacitated, giving the number of weeks, if any.

"To which the jury answered: 'Yes; twenty weeks.'

"Special Issue No. 2: If you have answered that plaintiff was wholly incapacitated from working for a period of weeks, then you will answer the following question: After such period of total incapacity, if any, was the plaintiff partially incapacitated from earning anything at labor? You will answer 'Yes' or 'No,' as you may find the facts to be.

"To which the jury answered: 'Yes.'

"Special Issue No. 3: If you have answered that the plaintiff was partially incapacitated from work and labor because of his partial incapacity, then you will answer the following question:

"(1) How many weeks did such partial incapacity, if any, continue?

"To which the jury answered: 'Forty-four weeks.'

"(2) What was the percentage, if any, of his decreased earning capacity, if any, during the period of his partial incapacity, if any?

"To which the jury answered: 'Fifty per cent.'"

Upon this verdict judgment was rendered in favor of the plaintiff for the sum of $494.12.

By its first assignment of error appellant complains of the ruling of the court in not sustaining the general demurrer to plaintiff's petition. Under this assignment it is contended that the petition does not allege a cause of action against the appellant, because it fails to allege that appellant had entered into any contract of insurance with appellee's employer, or had in any way become obligated to pay compensation for the

injuries received by appellee, and because the petition fails to allege that appellee's employer, the Oleander Compress & Warehouse Company, had a sufficient number of employés to authorize it to obtain compensation insurance therefor under the Texas Workmen's Compensation Act.

[1] We cannot agree with appellant in these contentions. The reasonable intendment of the allegations in the petition that appellee's employer "was a subscriber to [under] the Employers' Liability Act of the state of Texas, and on or about the 26th day of October, 1921, carried a policy of insurance with the defendant," coupled with the preceding allegations that this defendant was a corporation "duly authorized to transact business in the state of Texas," and the further allegation that on said date plaintiff "was covered by said policy of insurance," is that defendant had issued a policy of insurance to appellee's employer, the Oleander Compress & Warehouse Company, whereby it had obligated itself, under the provisions of the act before mentioned, to pay to appellee compensation for injuries received by him in the course of his employment. It seems to us that the appellant must necessarily have so understood these allegations, and the requirement that a petition in order to show a cause of action must give notice to the defendant of the facts relied on to show his liability to the plaintiff is sufficiently met.

[2] The failure of the petition to allege that the Oleander Compress & Warehouse Company had a sufficient number of employés to authorize it to become a subscriber under the Texas Workmen's Compensation Act does not render it insufficient in stating a cause of action against appellant. Appellant's liability on the insurance policy issued by it does not depend upon whether the compress company was authorized to become a subscriber under the act mentioned and thus relieve itself of its common-law liability to its employés. Appellant was authorized to write compensation insurance in this state, and having contracted with the compress company to insure its employés is bound by its contract regardless of whether the compress company could by procuring such insurance, which it had a legal right to do, become a "subscriber" and entitled to the benefits conferred upon employers by the Compensation Act.

Under its second, third, and fourth assignments of error appellant complains of the ruling of the court in permitting the appellee to introduce in evidence and read to the jury, over appellant's objection that they were irrelevant and immaterial, the findings and award of the State Industrial Accident Board on appellee's application to said Board for compensation for his injuries, and a letter from said Board addressed to plaintiff's counsel.

[3] We agree with appellant that the award of the Accident Board was not admissible as evidence of any fact recited in the findings of the Board, nor was the fact that the Board had awarded appellee compensation against the appellant any evidence of appellant's liability therefor. Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112; Texas Employers' Ins. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872.

The letter from the Board to appellee's attorney was also inadmissible in evidence, because irrelevant and immaterial to any issue in the case.

[4] We think, however, that in this state of the record it is not reasonably probable that this irrelevant and immaterial evidence could have had any weight or influence with the jury in deciding the issues submitted to them by the court, and therefore its admission was harmless error. In fact no contention is made in the brief of appellant that this evidence could have had any effect upon the verdict of the jury, and its admissibility is assailed because appellant insists that without this evidence there is nothing in the record showing or tending to show that appellant had issued an insurance policy by which it obligated itself to pay compensation for appellee's injuries.

This question is presented by the fifth assignment of error, which assails the judgment on the following ground:

"There was no evidence offered that established by a preponderance of the evidence that the United States Fidelity & Guaranty Company was the insurer of the Oleander Compress & Warehouse Company at the time that the plaintiff claims to have been injured."

[5] As shown by the foregoing statement of the issues submitted to the jury, the question of whether appellant had issued a policy of compensation insurance to appellee's employer was not submitted, and under article 1985 of our Revised Statutes it will be presumed, in support of the judgment, that the court decided such issue in favor of the appellee, if there is any evidence to support such finding.

Appellee testified that prior to his application to the Industrial Accident Board for allowance of compensation he had been offered the sum of $11.77 in settlement of his claim. This offer was made in a letter received by him which was signed "Herbert P. Rosenbush, Adjuster." Appellee, on November 29, 1921, replied to this offer and refused to accept the amount offered in settlement of his claim.

On February 3, 1922, after the award of the Accident Board, Mr. Rosenbush addressed the following letter to the appellee's attorney:

"Houston, Texas, February 3, 1922.

"10926—Oleander Compress Company—Chas. Summers.

"Mr. Frank S. Anderson, Attorney-at-Law, Galveston, Texas—Dear Sir: In accordance

with the award made and entered by the Industrial Accident Board on February 1, 1922, this company stands ready to abide by the same, and in accordance therewith, have forwarded draft to the order of Chas. Summers with settlement receipts attached, in the sum of $11.77 to the office of J. F. Seinsheimer & Co., Galveston, Texas. This draft will be turned over to Summers as soon as the necessary receipts are executed by him.

"Yours very truly,
"[Signed] H. F. Rosenbush, Adjuster."

On February 6, 1922, the attorney for appellee sent the following notice to the Accident Board and also to appellant by registered mail:

"February 6, 1922.

"In re Chas. Summers, Employee, v. Oleander Compress & Warehouse Co., Employer, United States Fidelity & Guaranty Company, Insurer.

"To Industrial Accident Board and United States Fidelity & Guaranty Co.:

"You will take notice, that Chas. Summers is not willing and does not consent to be bound by the final ruling and decision of the Industrial Accident Board entered in the matter of the above entitled and numbered claim on the 1st day of February, A. D. 1922, and that within twenty days after service of this notice it will commence a suit in some court of competent jurisdiction, in the county of Galveston, that being the county where the alleged injury occurred, to set aside final ruling and decision for a trial de novo."

In due time he received through the postoffice a postal receipt for each of said notices. The postal receipt for the notice addressed to appellant was signed:

"United States Fidelity & Guaranty Company.
  "[Signature or name of addressee.]
"H. F. Rosenbush.
  "[Signature of addressee's agent.]"

Appellant made no denial of receiving this notice, and offered no evidence contradicting the recital in the letter and receipt before set out that Rosenbush was its duly authorized agent.

[6] We think this evidence was sufficient to authorize the court to find that appellant had issued a policy of insurance to appellee's employer as alleged in the petition.

This conclusion also disposes of appellant's seventh assignment of error, which complains of the refusal of the trial court to instruct the jury to return a verdict in its favor.

[7] There is no merit in the sixth assignment, which complains of the judgment on the ground that the notice of appeal from the award of the Accident Board was not served upon appellant as required by the statute. It is contended under this assignment that personal service of such notice is required by the statute, and that the sending of the notice by registered mail is not sufficient.

[8] The point has been directly ruled against appellant's contention by the Commission of Appeals of this state in the case of McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 801. The holding in that case is, in our opinion, a sound construction of the statute; but, if our view of the law was otherwise, that opinion would be binding upon this court.

[9] By the eighth and last assignment of error, complaint is made of the verdict as being excessive in awarding appellee compensation for two weeks longer time than elapsed between the date of his injury and the date of the judgment. This error in the verdict is apparent on the face of the record, and is admitted by appellee, who offers to remit the two weeks' extra allowance.

In accordance with this offer of remittitur, the judgment will be reformed deducting therefrom the sum of $11.87, and as so reformed is affirmed.

Reformed and affirmed.