**PETROLEUM CASUALTY CO. v. CROW**
**et al.   (No. 798.)**

Court of Civil Appeals of Texas.   Waco.   April 18, 1929.

Higgins & Glass, of Marlin, and Knox W. Gilmore, of Houston, for appellant.

Nat Llewellyn and Frank Oltorf, both of Marlin, for appellees.

STANFORD, J. This suit was brought by Mrs. Echo Crow, for herself and as next friend for her minor children, against the appellant, Petroleum Casualty Company, under the Workmen's Compensation Law of Texas (Rev. St. 1925, arts. 8306–8309) for compensa-tion claimed to be due for the death of Robert Crow, the husband of Echo Crow and the father of said minors. The death of Robert Crow was claimed to have been caused by an injury sustained by him on the 14th day of January, 1927, while working for the Humble Pipe Line Company in the capacity of a laborer, and while using a mormon board, used for the purpose of filling the dirt into the ditch into which the pipe had been placed. The appellant answered by general demurrer and special exceptions to appellees' pleading, and specially denied that the deceased, Robert Crow, received any injury which caused his death. The case was tried before a jury, and, on findings favorable to appellees, the court entered judgment in their favor. Appellant has duly appealed and presents the record here for review.

Under its first, second, and fifth propositions, appellant contends, in effect, that the burden was upon appellees to plead and prove that the employer, Humble Pipe Line Company; was a subscriber under the Workmen's Compensation Act, and that the defendant, Petroleum Casualty Company, carried the insurance of the employés of said pipe line company, and that the injury occurred in Falls county; and, having failed to make such allegations and proof, there was nothing to show any liability on the part of the defendant, and nothing to support a judgment against it, and the court should have granted defendant's motion for an instructed verdict. There is no allegation in appellee's petition that the Humble Pipe Line Company was a subscriber under the Workmen's Compensation Act, nor is there any allegation that the Petroleum Casualty Company carried insurance for the employés of the Humble Pipe Line Company. There are allegations from which these facts might be inferred. But as this case will have to be reversed on another ground, it is not necessary to decide whether the pleadings in respect to the above matters were subject to general demurrer.

Appellees alleged and the evidence is sufficient to show that the deceased lived in Falls county at the time he was injured; but there is no allegation in appellees' pleading that Robert Crow, the deceased, received the injury from which he died, in Falls county, Tex., and no allegation from which such fact could be inferred. Neither is there any evidence from which the trial court could have found that the deceased received the injury in Falls county, or from which this court could find said fact. Appellee Echo Crow testified that deceased and family lived on the Henry Llewellyn farm at the time deceased was injured, and that he was working four or five miles from home when injured. In the notice of fatal injury presented by appellee Echo Crow is the following statement: "This is to notify you, The Humble Pipe Line Com-

pany, that on the 14th day of January, 1927, at about ten o'clock A. M., Robert Crow sustained fatal injury while employed by The Humble Pipe Line Company at Chilton, Texas. The place of injury was between Lorena and Chilton." In the notice of injury furnished by the deceased soon after his injury is the following statement: "The place of injury was on pipe line between Chilton and Lorena." These statements were not admissible to show the place of the injury, but only to prove such notices were given, and upon objection their admission should have been so limited. Texas Employers' Ins. Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872; U. S. Fidelity & Guaranty Co. v. Summers (Tex. Civ. App.) 262 S. W. 247. But if we were to consider said statements for all purposes, as well as all the other evidence, still there is no evidence to authorize the trial court or this court to find the deceased was injured in Falls county. The evidence is sufficient to show Robert Crow was injured four or five miles from where he lived on the Henry Llewellyn farm; also that he was injured four or five miles from where he lived near Chilton; also that he was injured on the road between Chilton and Lorena. · But there is no evidence that the Henry Llewellyn farm, or Chilton, are in Falls county.

While our courts are authorized to take judicial notice of the fact that a city or town, which is a county seat of a county, is in such county, the rule seems to be that courts will not take judicial notice that a particular place is in a particular county when the same is not a county seat. Carson v. Dalton, 59 Tex. 500; M. K. & T. Ry. Co. of Texas v. Lightfoot, 48 Tex. Civ. App. 120, 106 S. W. 395 (writ refused); Cassidy, etc., Co. v. Chupick Bros. (Tex. Civ. App.) 225 S. W. 215. If we were authorized to assume that the trial court took judicial notice that the Henry Llewellyn farm and Chilton are situated in Falls county, or if this court were authorized to take such notice, as the record shows the deceased was injured four or five miles from where he lived, or was injured on the road from Chilton to Lorena, neither the trial court nor this court could determine, or form any conclusion as to whether or not the deceased was injured in Falls county. If the deceased was injured in Falls county, then the district court of said county had jurisdiction; otherwise, said court had none. The question here involved was a question of jurisdiction, not one of venue, that could be waived.

In order to show the district court of Falls county had any jurisdiction of this cause, it was incumbent upon appellees to both allege and prove that the deceased received the fatal injury in said county. Section 5, article 8307. Revised Civil Statutes; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1087, pars.

5 and 6; Lumbermen's Reciprocal Ass'n v. Turner (Tex. Civ. App.) 296 S. W. 901; Tinkle et al. v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 299 S. W. 285. The appellees' petition not making this essential jurisdictional allegation, the court should have sustained appellant's general demurrer, and the court's failure to so do is reversible error, ·requiring a reversal.

Appellant contends that, as it was neither alleged nor proved that the injury occurred in Falls county, we should render judgment for appellant; and, also, that we should render such judgment upon the ground that the deceased died of a cancer upon the brain; and that the evidence was so weak that it could only raise a mere surmise or supposition that the growth of the cancer was accelerated by the injury, if any. We have examined the evidence, and we think it was sufficient to make an issue of fact for the jury as to whether or not the deceased died as the result of the injury, or, if he did have cancer, whether or not his death was accelerated by said injury. We think also, as it appears from the record, that, as to whether or not the injury occurred in Falls county was not developed, due probably to the action of the court in overruling appellant's demurrer, we should not render judgment by reason of the failure of the evidence to show jurisdiction. Nobles et ux. v. Texas Indemnity Ins. Co., (Tex. Com. App.) 12 S.W.(2d) 199.

For the error of the court in failing to sustain appellant's general demurrer, the cause is reversed and remanded.