## MARYLAND CASUALTY CO. v. LAFIELD et al.

### No. 2428.

Court of Civil Appeals of Texas. El Paso.

May 29, 1930.

Rehearings Denied June 12, 19, 1930.

Cantey, Hanger & McMahon, of Fort Worth, and Hill, Smith & Neill, of San Angelo, for plaintiff in error.

Roy R. Priest, of Rankin, Jno. D. Cofer, Cofer & Cofer, and Richard R. Yett, all of Austin, Collins, Jackson & Snodgrass, of San Angelo, and Andrews, Streetman, Logue & Mobley, of Houston, for defendants in error.

WALTHALL, J.

This case is brought to this court by Maryland Casualty Company, by writ of error to review and set aside a judgment of the district court of Reagan county on an appeal to that court from an award made by the Industrial Accident Board on a claim filed by Mrs. Izora E. Lafield and her two minor daughters, Elva and Lela Lafield, for compensation under the Workmen's Compensation Law for injuries to E. M. Lafield, alleged to be permanent. That award was settled by agreed judgment, and the judgment paid. Later Lafield died, the issues here arise on the defendant's claim for additional compensation by reason of Lafield's death.

In view of the disposition we have concluded to make of the case, we think we need not make a full statement of all of the issues upon which the case was tried.

The case was submitted to a jury on special issues, and, on such issues submitted, the jury found:

(1 and 2) E. M. Lafield sustained an injury in the course of his employment on or about August 16, 1927, which injury proximately resulted in his death on or about July 24, 1928.

(3) The average daily wage of Lafield immediately preceding August 16, 1927, was $5.50 per day.

(4) The failure of the insurance company to pay compensation in a lump sum will work a manifest hardship and injustice.

On the answers as above, the court entered judgment for defendants in the sum of $3,891.44, to be paid in a lump sum.

The court overruled plaintiff's motion for a new trial, to which plaintiff excepted and has perfected this appeal.

The insurance company submits eighteen propositions as grounds for reversal.

At the close of the evidence, plaintiff moved the court to instruct the jury in its favor, and the first proposition in its several subdivisions summarizes several grounds upon which it bases error in refusing to instruct the verdict in its favor, and upon which grounds plaintiff submits that defendant's failure to sustain the burden of proof which the Workmen's Compensation Law, in the latter part of section 5, of Article 8307, R. C. S., places upon them as compensation claimants. Plaintiff submits that the evidence wholly fails to show (a) that E. M. Lafield sustained any kind of injury to the physical structure of the body; (b) that such injury, if any, was sustained within the course of his employment; (c) that such injury was sustained in Reagan county, Tex.; (d) that his death, which occurred nearly a year later in a different part of the state, while he was working for another and different oil company, had any connection directly, or remotely, proximately or otherwise, with said alleged injury.

The trial court overruled plaintiff's motion and the jury found against plaintiff on the first and last above contentions. The point stressed in the proposition is that, for want of sufficient evidence on the material facts, the court should have withdrawn the case from the jury and should have instructed the verdict in plaintiff's favor.

The question we think to consider is as to the want of evidence to show the county in which the injury to Lafield occurred, a jurisdictional question.

The suit to review and set aside the action of the Board in making the award for compensation to Lafield was necessarily brought in Reagan county. The Workmen's Compensation Law places the burden of proof upon the claimants to show that the injury complained of occurred in Reagan county. The place where the injury is alleged to have occurred must be shown to be in Reagan county, otherwise the district court of Reagan county had no jurisdiction to enter judgment for defendants on their cross-action; nor would the district court of Tom Green county, to which latter county the venue was changed for trial. The question is one of jurisdiction and not one of venue. Each step in the progress of the maturity of the claim from the time of the injury to its final adjudication under the Workmen's Compensation Law is a mandatory requirement, necessary to the exercise of jurisdiction by the statutory agencies. Section 5, art. 8307, Rev. Civ. Statutes; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1087.

1 Corpus Juris, p. 988, par. 100D, and the cases referred to by the Supreme Court in Mingus v. Wadley, under paragraph 3. Also Petroleum Casualty Co. v. Crow (Tex. Civ. App.) 16 S.W.(2d) 917, deciding upon a similar state of facts, the identical question as to jurisdiction presented here. No witness testified that the place where Lafield was working at the time he received his injury was in Reagan county, nor do we find in the record

any evidence from which it may be inferred as a fact that such place of injury was in Reagan county.

From the record before us we must hold that defendants have not discharged the burden of showing that the place where Lafield received his injury was in Reagan county, and the jurisdiction of the trial court and of this court is not made to appear. For the reason stated the case is reversed, and we think, conforming to the disposition made of Petroleum Casualty Co. v. Crow, supra, and cases there referred to, the case should be remanded, and it is so ordered.

The case, under other propositions, presents questions which go to the very foundation of the defendant's cross-action, but, being without jurisdiction, we think we may not discuss them. Other questions presented may not arise on a new trial.

The case is reversed and remanded.

### On Motion for Rehearing.

In the original opinion we inaptly referred to the venue of this case as having been transferred to and tried in Tom Green county. The statement is incorrect. It was the former case and not the instant case that was brought in Reagan, and the venue changed to that county. This case was brought and tried in Reagan county, and the writ of error prosecuted from the final judgment rendered in that county.

With the above correction, the motion for rehearing is overruled.

HIGGINS, J., did not sit in this case.