## MORGAN v. PETROLEUM CASUALTY CO.
### No. 8572.

Court of Civil Appeals of Texas. San Antonio.
May 15, 1931.

Rehearing Denied June 24, 1931.

Smith & Smith, of Anson, for appellant.

Knox W. Gilmore, of Houston, for appellee.

SMITH, J.

This suit arose under the provisions of the Workmen's Compensation Act wherein Bert Morgan, an employee, sought to recover compensation of the Petroleum Casualty Company, an insurer, for personal injuries received in the course of his employment by the Humble Oil & Refining Company, the subscribing employer. The injury occurred on August 16, 1927, but Morgan made no claim before the Industrial Accident Board until May 31, 1930, nearly three years after the injury occurred. The casualty company interposed a plea in abatement in limine setting up a plea of two-year limitation and the failure of the plaintiff to give notice of his injury within thirty days, and make claim for compensation within six months, of its occurrence, as provided by statute. The trial court sustained this plea and dismissed the suit. Morgan has appealed.

It is provided in the Workmen's Compensation Law (article 8307, § 4a, R. S. 1925), concerning the time for giving notice of injury and filing claim for compensation, as follows: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the board."

Appellant's pleadings were sufficient to warrant a finding upon sufficient evidence that he complied with the requirement of notice of his injury, but that phase of the case need not be discussed here.

Appellant's pleading concerning the filing of his claim for compensation before the Industrial Accident Board was as follows:

"Plaintiff never filed a claim for compensation, so far as his knowledge goes, until about the 31st day of May, 1930, as shown by a copy of said claim attached to plaintiff's original petition and marked Exhibit 'A,' but plaintiff says that on the 2nd day after his injury and while he was in the town of Sonora under the treatment of the insured's (employer's) physician, said physician filled out certain papers and requested that the plaintiff sign them, stating to the plaintiff that it would be necessary for him to sign them so that he, said physician, could send the same in and it would enable the plaintiff to get compensation on account of his injury, plaintiff says that he relied upon the same being sent to the proper place, that he paid no further attention about filing papers and was not advised by anyone the importance of giving notice, filing claim for compensation, but plaintiff now says that the same was probably notice of injury and a claim for compensation to be presented to the Industrial Accident Board, but that he did not read the

same, and did not know then or now what said papers contained.

"Plaintiff says that after he returned to Jones County that he remained at his father's home from some time in September until the latter part of January, 1928, was confined to his bed a greater portion of that time; that he had been advised by the agents of the defendant that he could not recover compensation, but would be entitled to an operation; that after a lapse of a few months plaintiff thought his condition would likely get better, that he might recover without an operation and that he did not insist on presenting a claim to the Industrial Board for compensation.

"Plaintiff says that after a lapse of several months time he undertook to do light work on the farm and was forced to discontinue that work on account of his physical condition, that he then secured other light employment and continued trying to perform some labor until in the spring of 1930, his condition became so serious on account of the injury and as a direct result of said injury received on or about the 16th day of August, 1927, that plaintiff then filed his claim with the Industrial Accident Board for a total and permanent injury and disability."

This pleading shows upon its face that appellant made no attempt to comply with the mandatory requirement of the statute that he file his claim for compensation with the Industrial Accident Board within six months from the date of his injury, or until nearly three years after that date, and that he was neither mentally nor physically incapacitated to make the claim.

Appellant questions the sufficiency of appellee's plea in abatement to raise the point urged here, which is, in effect, that the Industrial Accident Board and the trial court were without jurisdiction of appellant's claim for compensation, because the same was not filed within the statutory period, and no excuse for the default was shown.

■ The pleading objected to took the form, and was so designated by appellant, of a "plea in abatement." Appellant made no objection in limine to the form or substance of the plea, and participated in the hearing thereon. By this process he waived such objections, including the objection that the plea was not verified. 1 Tex. Jur. p. 158, § 114.

■ We are of the opinion that the plea in abatement can be given no other effect than a demurrer to appellant's petition. If appellant's petition failed to show jurisdiction of the court to determine the cause of action asserted, or affirmatively showed the absence of such jurisdiction, the objection to it on that ground could be presented in a plea in abatement, or to the jurisdiction, as this was, just as effectively as by demurrers in an answer upon the merits.

■ But we are of the further opinion that controversial facts raising the issue of diligence to comply with the statutory requirement for filing claims for compensation before the Accident Board must be submitted to the jury in cases in which juries have been demanded, regardless of the form or manner of pleading such issue. This right to a jury trial of that issue cannot be taken from either party by the subterfuge of a plea in bar or abatement presented to, and determined by, a trial court in a preliminary proceeding.

Of course, if such plea embraces other questions determinable by the court as matters of law, such as questions of jurisdiction, the trial judge is at liberty to act upon them, and, if they are controlling, may dismiss the case by reason of his determination of them, notwithstanding the presence of the fact question in the plea.

But, if the determination of the fact question is essential to the disposition of the plea, or to the dismissal of the case upon that plea, it must go to the jury, and may not be determined by the court where a jury is demanded on the merits of the case. These rules must be applied to the plea in abatement in this case.

■■ It was asserted in the plea that appellant's petition "shows upon its face" that his cause cannot be maintained because of the disclosed fact that he filed no claim for compensation with the Accident Board within the six-month period prescribed by statute, and alleged no excuse for such default; in short, that appellant's petition showed that the court had no jurisdiction of the cause of action asserted. This plea must be considered as if it were in the form of a demurrer. Its sufficiency must be determined solely by the allegations in appellant's petition, since any issue of fact thereon was for the jury and not for the court to determine.

We conclude that these pleadings showed an entire failure to file, or any attempt to file, the claim for compensation before the Industrial Accident Board, within the six months specifically provided by statute in such cases, and were equally void of allegations showing any excuse for such failure. This requirement of the statute is jurisdictional, and, in the absence of actual or attempted compliance therewith, neither the Industrial Accident Board nor the district court could take jurisdiction of the claim. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Bailey v. Texas Indemnity Ins. (Tex. Com. App.) 14 S.W.(2d) 798; Texas Employers' Ins. Ass'n v. Hoehn (Tex. Civ. App.) 20 S.W.(2d) 263; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68; Indemnity Ins. Co. of North America v. Jago (Tex. Civ. App.) 12 S.W.(2d) 817; Maryland Casualty Co. v.

Lafield (Tex. Civ. App.) 29 S.W.(2d) 444; Texas Indemnity Ins. Co. v. Hollaway (Tex. Civ. App.) 30 S.W.(2d) 921; Texas Employers' Ins. Ass'n v. Shoemake (Tex. Civ. App.) 21 S. W. (2d) 583. This point could have been made by demurrer or by plea in abatement or jurisdiction, as was done below.

The judgment is affirmed.