**TEXAS EMPLOYERS' INS. ASS'N v. PALMER.**

No. 2471.

Court of Civil Appeals of Texas. Beaumont.

Nov. 24, 1933.

Rehearing Denied Nov. 29, 1933.

Royston & Rayzor and Clarence Eastham, all of Galveston, for appellant.

D. E. O'Fiel and W. R. Blain, both of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in the district court of Jefferson county by appellant, Texas Employers' Insurance Association, against appellee, Frank Palmer, as an appeal from an adverse award of the Industrial Accident Board, under the provisions of our Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended). We take from appellee's brief the following summary of his answer and cross-action to appellant's petition:

"In said cross-action, appellee, Frank Palmer, alleged that on about the 26th day of May, 1931, he was in the employ of P. F. Pfeiffer & Company at Beaumont in Jefferson County, working as a longshoreman engaged in loading the S. S. Oakwood at the municipal dock in Beaumont.

"That P. C. Pfeiffer was doing business under the name of P. C. Pfeiffer & Company as a contracting stevedore in Beaumont, and at and before May 26, was under contract with the Merchants Fleet Corporation and others, whereby the said P. C. Pfeiffer was doing the stevedoring work on said S. S. Oakwood. That on and prior to the 26th day of May, 1931, the plaintiff company had issued to the Merchants Fleet Corporation, its policy or contract of insurance under and by virtue of which the said plaintiff agreed to and obligated itself * * * to pay compensation to such employees of the said P. C. Pfeiffer & Company, as well as others, unnecessary herein to be named, who should be injured in the course of their employment, loading or discharging cargo off vessels belonging to the Merchants Fleet Corporation, and that the defendant herein was one of the persons covered by said contract or policy of insurance * * *; that said contract or policy of insurance is in the possession of the plaintiff and that the defendant herein is unable to secure the possession of same.'

"He further alleged that the S. S. Oakwood 'was owned and operated by the Merchants Fleet Corporation, and was the property of the U. S. Government, or of said subsidiary corporation, and was being operated at the time on behalf of, or with the consent of the said Shipping Board by Lykes Bros. Ripley S. S. Corporation, and that the said policy of insurance hereinabove described, covered said operations so being conducted, carried on, maintained and handled by the said Lykes Bros. Ripley S. S. Corporation, the said P. C. Pfeiffer & Co., the U. S. S. B. Merchants Fleet Corporation and others interested in said enterprise; that this defendant says that he believes and has good reason to believe, that the said P. C. Pfeiffer has a contract with the U. S. S. B. Merchants Fleet Corporation to do the stevedoring and longshoreman work in the matter of loading and discharging vessels belonging to the said U. S. S. B. Merchants Fleet Corporation, or the United States of America, and being operated at the time by Lykes Bros. Ripley S. S. Corporation, and others.'

" 'Plaintiff further alleged that in the event that he is mistaken as to the allegations made in his original petition on file herein, that then as an alternative plea, this defendant says that on and prior to May 26, 1931, that the U. S. S. B. Merchants Fleet Corporation was the owner of the S. S. Oakwood, and was operating her by and through Lykes Bros. Ripley S. S. Corporation, and that and prior to May 26th, 1931, the said P. C. Pfeiffer had a contract with the U. S. S. B. Merchants Fleet Corporation to do the longshore and stevedore work on the vessels of the U. S. S. B. Merchants Fleet Corporation at Beaumont and other ports in what is known as the Sabine District, and that under such arrangement, the said P. C. Pfeiffer was to hire and discharge men employed in such work of stevedoring and longshoring, and received from the Lykes Bros. Ripley S. S. Company, and the said U. S. S. B. Merchants Fleet Corporation the money to pay the hands employed in such work, and also a stipend or percentage each day so employed in such work, and that on and prior to May 26th, 1931, the U. S. S. B. Merchants Fleet Corporation had procured and had issued to it by the plaintiff herein, its contract or policy of insurance whereby the said plaintiff was bound and obligated to pay the men employed by the said P. C. Pfeiffer and others in the work of loading and unloading shipping board vessels such sums of money by way of compensation; that the said contract or policy of insurance which is in possession of the plaintiff herein also provided, among other things, for the payment of compensation insurance to the employes of all stevedoring contractors loading vessels belonging to the U. S. S. B. Merchants Fleet Corporation and operated by Lykes Bros. Ripley S. S. Company or other persons. Said plaintiff is notified to produce said policy of insurance, or secondary evidence will be resorted to by the defendant to prove the same.' "

Appellant answered appellee's cross-action to the effect that at the time he was injured it was not the insurer of any of the employers named in his cross-action, and that it was in no way liable under the provisions of the Workmen's Compensation Act for the injuries received by him. The jury found issues in appellee's favor sustaining the allegations of his cross-action as to the time and place of his injuries, that he suffered total and permanent incapacity as the result of his injuries, and fixed his average weekly wage at $20 per week; and found facts entitling him to a lump-sum settlement. It was also found that at the time and place of his injuries appellee was an employee of Lykes Bros.-Ripley Steamship Company. Manifestly, judgment in favor of appellee was rendered upon the alternative allegations of his cross-action, notwithstanding the finding of the jury that he was in the employ of Lykes Bros.-Ripley Steamship Company.

■■ We are forced to sustain appellant's assignment that appellee's petition and cross-action was not legally sufficient to support the judgment in his favor. On the undisputed facts, appellee did not file his claim with the Industrial Accident Board within the six months' period allowed by article 8307, § 4a, Revised Statutes 1925, and there was no plea by him of good cause, excusing his failure to file his claim within the statutory period. This was an affirmative burden placed upon appellee by the Workmen's Compensation Act, and, to state a good cause of action, it

456

was necessary for him both to plead and prove that his claim was filed with the Industrial Accident Board within the statutory period or to plead affirmatively, and sustain his plea by proof, a "good cause" excusing his failure to file his claim within the statutory period. Rev. Civ. St. of Texas 1925, art. 8307, § 4a; Rev. Civ. St. of Texas 1925, art. 8306, § 3c; Rev. Civ. St. of Texas 1925, art. 8307, § 5, as amended by Acts 1931, c. 224 (Vernon's Ann. Civ. St. art. 8307, § 5); Maryland Casualty Co. v. Lafield (Tex. Civ. App.) 29 S.W.(2d) 444; Id., 119 Tex. 466, 33 S.W.(2d) 187; Morgan v. Petroleum Casualty Co. (Tex. Civ. App.) 40 S.W.(2d) 205; Zurich Ins. Co. v. Walker (Tex. Com. App.) 35 S.W.(2d) 115; Bailey v. Texas Ind. Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 798; Ocean Accident & Guarantee Corporation v. Pruitt (Tex. Com. App.) 58 S.W.(2d) 41; Texas Employers' Ins. Ass'n v. Hoehn (Tex. Civ. App.) 20 S.W.(2d) 263; Texas Indemnity Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921; Id. (Tex. Com. App.) 40 S.W.(2d) 75; Texas Employers' Ins. Ass'n v. Shoemake (Tex. Civ. App.) 21 S.W.(2d) 583; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Federal Surety Co. v. Jetton (Tex. Civ. App.) 29 S.W.(2d) 534; Id. (Tex. Com. App.) 44 S.W.(2d) 923.

We overrule appellant's contention that it was entitled to a judgment on the verdict of the jury. At the time of his injury appellee was working as a stevedore for the operator of the steamship Oakwood, owned by the United States Shipping Board Merchant Fleet Corporation. The agreement between the United States Shipping Board and Lykes Bros.-Ripley Steamship Company by which this ship was operated was offered in evidence. As we understand the terms of this contract and the policy of insurance issued by appellant covering the stevedoring operations upon this ship, appellee was entitled to compensation notwithstanding Lykes Bros.-Ripley Steamship Company was his employer instead of P. C. Pfeiffer, as alleged in his cross-action, and that the undisputed facts brought him within the allegations of his alternative plea copied above.

Appellant complains, through many assignments of error, that the trial court erred in overruling certain special exceptions to appellee's cross-action. As these assignments are presented only by bills of exception, they present nothing for review. In Ineeda Laundry v. Newton, 33 S.W.(2d) 208, this court held, quoting the first syllabus: "Rulings and exceptions on demurrers cannot be preserved by bills of exceptions, but only by judgments duly entered of record."

As the judgment of the lower court is to be reversed for the error already discussed, we pretermit a discussion of appellant's assignments against the argument made by appellee's counsel to the jury, but are inclined to think this argument was justified in this particular case.

It follows that the judgment of the lower court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.