On Application for Leave to File Second Motion for Rehearing.

LATTIMORE, Judge.

Appellant asks leave to file a second motion for rehearing in order that he may again discuss the testimony and the sufficiency of the charge on alibi. The court's charge on alibi was in approved form, and the sufficiency of the testimony has been again reviewed and affirmed.

Appellant's application is respectfully denied.

## AMERICAN INDEMNITY CO. v. BOATNER.

### No. 10115.

Court of Civil Appeals of Texas. Galveston. July 19, 1935.

Dissenting Opinion July 19, 1935.

Rehearing Denied Oct. 3, 1935.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, for appellant.

Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

LANE, Justice.

C. D. Boatner was, on the 10th day of April, 1924, an employee of the Sugarland Industries, which held a policy of compensation insurance issued by American Indemnity Company. On said date Boatner, while in the course of his employment, suffered an injury which resulted in a hernia. On July 19, 1933, C. D. Boatner brought suit in the district court of Fort Bend county against the American Indemnity Company to recover for his injury.

He alleged the facts above stated, and that he had been directed by his employer to its doctors, who performed an operation in an effort to cure his hernia; that the de-

fendant, American Indemnity Company, had paid him compensation for 26 weeks following his injury; that after the said operation he returned to work for his employer and continued to work at substantially the same kind of work as he performed prior to his injury until November 1, 1932; that during the month of April, 1931, he discovered that the operation which had been performed upon him was not successful, but he continued to work until November of 1932, when he was discharged by his employer; that since leaving the employment of the Sugarland Industries he found that he was unable to procure and retain employment because of the rupture suffered, and that he was not physically fit to undergo a second operation; that immediately after his injury, and within less than thirty days, his employer and the defendant insurance company each had actual notice thereof; that within six months he made a claim for compensation and was paid some compensation by the defendant on account of his injury; that he signed a receipt for the compensation paid him, believing that he had fully recovered from the injury, but that such receipt was not a settlement of his claim; that within six months after he was compelled to quit work in November of 1932 on account of his condition, and on or about January 17, 1933, he formally advised the defendant and the Industrial Accident Board of his claim for further compensation on account of his injury; that if he had not strictly complied with the statute in giving notice and filing his claim for compensation, such strict compliance should be waived because he believed that his operation would be successful and believed that he would be able to continue to work by wearing a truss, until November 1, 1932, when he discovered that he would not be able to further procure and retain employment, and that he did, within six months after that date, make and renew his claim for additional compensation; that on June 30, 1933, the Industrial Accident Board made and entered its final ruling, decision, and award on plaintiff's claim for compensation, and that he was not willing to abide by said award, and did, within 20 days after same was made and entered, file written notice with the board of his intention to appeal, and did bring this suit within 20 days after filing said notice of appeal.

Plaintiff's prayer was for compensation at the rate of $17.31 per week for 401 weeks, and that same be paid in a lump sum, less the discount allowed by law.

The defendant filed a formal plea of privilege to be sued in Galveston county, Tex.

Plaintiff contested defendant's plea of privilege, alleging that his suit arose under the Workmen's Compensation Law of Texas (Rev. St. 1925, art. 8306 et seq.), and that the injury for which compensation was claimed occurred in Fort Bend county, Tex., and that the district court of Fort Bend county, Tex., had exclusive jurisdiction, and that the district court of Galveston county, Tex., had no jurisdiction, and readopted all allegations in his petition and made same a part of the controverting plea.

Upon a hearing of the defendant's plea of privilege and the plaintiff's controverting plea, the court entered an order on November 20, 1933, overruling the defendant's plea of privilege to be sued in Galveston county and retained jurisdiction of the case in Fort Bend county. This appeal of the insurance company involves only the question as to whether the case should be tried in Fort Bend county or Galveston county.

Appellant, for reversal of the judgment overruling its plea of privilege, contends that, in view of the facts alleged by the plaintiff and the facts proven by this plaintiff's undisputed testimony, it is shown that appellee was injured on the 10th day of April, 1924, and that he was paid for all disabilities he sustained during the 401 weeks next succeeding his injury, and he had no cause of action under the Workmen's Compensation Act at the time the plaintiff filed his suit in 1933, and therefore the trial court erred in overruling appellant's plea of privilege to be sued in Galveston county, where it had its residence.

Appellant further contends for reversal of the judgment, that it affirmatively appears from the plaintiff's allegations and the undisputed evidence that he never filed any claim of any sort with the Industrial Accident Board within six months after he sustained his injury in April, 1924, and that he did not file any claim with the Industrial Accident Board within six months after the time he alleges his accident recurred in 1931, appellee testifying that he knew all the time after his operation up to and including the time when he left the employ of the Sugarland Industries in November, 1932, that his operation was not a success;

that he never filed or attempted to file claim until January, 1933, and no allegation or proof being made excusing such delay, it conclusively results that appellee had no cause of action at the time he filed his suit under the Workmen's Compensation Act, and that venue of this cause does not lie in Fort Bend county, Tex.

The majority of this court sustains appellant's contention that by the allegations in the plaintiff's petition and the undisputed facts testified to by appellee, it is shown that appellee did not file or otherwise present any claim for compensation under the provisions of the Workmen's Compensation Act, with or to the Industrial Accident Board within six months after the time his injury recurred, as required by said act as a prerequisite to a recovery for such recurring injury, and as there was neither allegation nor proof made excusing such delay, it conclusively appears that appellee had no cause of action cognizable under the provisions of such act at the time he filed his claim with the Industrial Accident Board on the 17th day of January, 1933, nor at the time he filed this suit; wherefore, the court erred in not sustaining appellant's plea of privilege.

It was shown that appellee received his injury in Fort Bend county on the 10th day of April, 1924; that he underwent an operation for hernia, under the provisions of the Workmen's Compensation Act, which at the time was apparently successful, resulting in a cure of appellee's hernia; all expenses incurred by reason of such operation being paid for by American Indemnity Company; that appellee was paid compensation, under the provisions of the Workmen's Compensation Act relative to injuries resulting in hernia, for a period of 26 weeks; that after such operation, some time in 1924 or 1925, appellee returned to work for the Sugarland Industries, and he worked and was paid up to November, 1932.

Appellee testified that after the operation he constantly suffered pain from the hernia; that he procured a truss four months after the operation and wore it constantly and was wearing said truss on the 5th day of November, 1924.

On the date last stated, appellee, Boatner, executed and delivered to the appellant, American Indemnity Company, the following instrument:

"Received of: American Indemnity Company, insurer for The Sugarland In-dustries of Sugarland, Texas the sum of seventeen dollars and thirty cents, which sum together with weekly payments heretofore made to me aggregate the total sum of Four Hundred Forty-nine Dollars and Eighty cents, which sum is in full settlement of compensation due under the Texas Employers' Liability Act, for injury received by me on or about the 10th day of April, 1924, while in the employ of The Sugarland Industries of Sugarland, Texas, which injury resulted in rupture.

"Total number of weeks for which compensation has been paid: 26 weeks.

"Total amount of compensation paid: $449.80.

"Witness my hand this 5th day of November, 1924.

"[Signed]   C. D. Boatner."

There was nothing to show that such settlement receipt was approved by the Industrial Accident Board.

It is shown by the undisputed evidence that from the time appellee, Boatner, resumed work in 1924 or 1925 he continued to perform substantially the same class or kind of work he had done before his injury up to the latter part of 1930 or first part of 1931, and, so far as the record shows, without notice to his employer, the Industrial Board, or appellant, that he still suffered from his hernia; that during the time he so worked his salary was raised to $175 per month; that in June, 1931, wages of employees generally were cut, and later another cut was made reducing Boatner's salary to $125 per month; that from 1924 to November, 1932, Boatner was working regularly.

Appellee testified that while he suffered some pain from his injury ever since the operation, the hernia was enlarged when he came from the hospital; it bulged out; that in the fall of 1930 his hernia just dropped down on him; that he first noticed that his hernia was getting worse some time after he left the hospital; that it kept gradually getting larger and larger, but it just dropped down in 1930; that it dropped down several times and that he got worse in 1931, and still worse in 1932, and that he quit work in November, 1932; that he filed no claim with relation to the original injury with the Industrial Accident Board, but he just got what was paid him and did not go to the board at all, because the doctor told him not to do so; that such advice or instruction was with respect to

the original claim, which was voluntarily paid.

It is undisputed that appellee made claim to the Accident Board for the injury or the recurring injury for the first time on the 17th day of January, 1933, about nine years after the original injury, and not until he was discharged by his employer in November, 1932.

It clearly appears that appellee filed no claim for his injury with the Industrial Accident Board until January 17, 1933, about nine years after he suffered such injury, and about two years after he said his hernia fell down on him.

The question to be determined by this court, is, first, Did appellee at the time he filed his suit in Fort Bend county have an existing cause of action which arose under the provisions of the Workmen's Compensation Act? If he did, the exclusive venue of the suit was in said county, but if he did not then have such cause of action at such time, the trial court should have sustained appellant's plea of privilege and have transferred the cause to that court of Galveston county, the county of the residence of appellant, which had jurisdiction thereof.

We have reached the conclusion that it is shown by both the allegations in the plaintiff's petition and the undisputed evidence that appellee did not file a claim for injury with the Industrial Accident Board within six months after he received his injury, nor within such time after he discovered that his hermia had not been cured or had again developed after the aforesaid operation.

By section 4a of article 8307, Revised Civil Statutes of 1925, it is provided as follows: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental capacity. For good cause the board may, in meritorious cases, waive the strict compliance with foregoing limitations as to

notice, and the filing of the claim before the board."

In Morgan v. Petroleum Casualty Co., (Tex. Civ. App.) 40 S.W.(2d) 205, 206, it is said: "We conclude that these pleadings showed an entire failure to file or any attempt to file, the claim for compensation before the Industrial Accident Board, within the six months specifically provided by statute in such cases, and were equally void of allegations showing any excuse for such failure. This requirement of the statute is jurisdictional and, in the absence of actual or attempted compliance therewith, neither the Industrial Accident Board nor the district court could take jurisdiction of the claim."

We are of opinion that there is in this case neither allegation nor proof showing any good cause for appellee's failure to timely file his claim with the Accident Board.

In Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084, opinion by Chief Justice Cureton, it is held that "The rights and remedies given by the Employers' Liability Act are purely statutory; the statutory provisions as to both are mandatory and exclusive, and must be complied with in all respects; and such compliance is necessary to the exercise of jurisdiction by the first and all succeeding statutory agencies, including the county (that where the injury occurred) where suit to set aside the award must be brought, this provision being mandatory and jurisdictional."

Having reached the conclusion above expressed, we further conclude that the district court of Fort Bend county had no jurisdiction of the cause of the plaintiff, as shown by his allegations and the undisputed evidence. It therefore becomes our duty to reverse the judgment overruling appellant's plea of privilege and to here render judgment for appellant, sustaining its plea of privilege, and it is accordingly so ordered.

Reversed and rendered.

GRAVES, J., dissenting.

GRAVES, Justice (dissenting).

The plea of privilege was properly overruled for these reasons:

(1) The suit was one for benefits under the Compensation Act, alleged to have inured to the appellee from having been

injured in the county where the venue was laid while in the course of his employment there for the Sugarland Industries, for which the appellant was compensation insurer.

(2) "On the hearing of the plea of privilege the appellee testified, in substance, that he lived in Fort Bend county, Texas; that during the month of April, 1924, he was injured in that county while working for the Sugarland Industries at its mercantile building in Sugarland; that he was referred to his employer's doctors, who performed an operation upon him for hernia; that his employer and the Insurance Company had immediate notice of the injury, and the Insurance Company recognized its liability to him for compensation and paid him about 26 weeks compensation following his operation; that he went back to work for his same employer and worked for it in substantially the same employment and at substantially the same wage until November 1, 1932, at which time he was discharged by his employer; that the operation gave him more or less trouble after it was performed until the time he was discharged, and in fact the trouble gradually increased until the hernia broke down on him in 1931, without any unusual strain or accident, but it did not prevent him from continuing in his employment and earning his full wage until he was discharged in November, 1932; further that, because of his injury and the unsuccessful operation, he is not now able to work and is not now able to go out and get a job and hold it.

"To establish jurisdictional facts on this hearing, he offered:

"(a) Notice that the employer was a subscriber to the Workmen's Compensation Act;

"(b) Report of the original accident filed by the employer;

"(c) Receipt for compensation paid following the operation;

"(d) Notice to defendant and the Board of renewal of claim;

"(e) Award of the Board dated June 20, 1933;

"(f) Notice of appeal from the award to the district court of Fort Bend County.

"Being dissatisfied with the award of the Board, he then brought this suit in accordance with section 5 of article 8307, as amended by acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5) which provides that 'any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days, after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision,' etc.

"The general venue statute, article 1995 (Rev. St. 1925), provides that no person shall be sued out of the county in which he has his domicile, except in the following cases:

" '30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given'

"Since the Compensation Law thus expressly fixes the venue of suits to recover compensation in the county where the injury occurred, and since this subdivision 30 of the general Venue Statute expressly provides that a statute which fixes the venue in special cases shall prevail over it, the conclusion follows that this suit should neither have been brought in, nor was removable to, the district court of Galveston County. This provision of the Workmen's Compensation Law—fixing the venue of compensation cases in the county where the accident occurred—has many times been construed by the courts as being mandatory—that is, as inhibiting the laying of the venue thereof elsewhere than in the county where the injury occurred. Chief Justice Cureton in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087, says:

" 'As to the county where suit to set aside an award may be brought, the statute is clearly mandatory. Revised Statutes, art. 8307, § 5, provides that the suit to set aside the final award of the Board "shall" be brought "in the county where the injury occurred." The language used is mandatory and its purpose evident. Such a suit of necessity involves the fact of the accident, the issue of the injury, and the wages of the claimant; all of which may be established with less expense, trouble, and delay in the county where the injury occurred than in any other county.

244

" 'Having in mind the general rule that workmen's compensation acts are to be liberally construed to effectuate their beneficial purpose, there can be no doubt that, when the Legislature specified the county in which a suit to vacate an award should be filed as the county where the accident occurred, the specification was exclusive and intended to be jurisdictional. In fact, the statute itself declares that the rights of the parties are to be determined "by the provisions of this law." Besides, in special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.'

"Other authorities on the question are as follows: Lumbermen's Reciprocal Ass'n v. Turner (Tex. Civ. App.) 296 S. W. 901; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195; Petroleum Casualty Co. v. Crow (Tex. Civ. App.) 16 S.W.(2d) 917; Tinkle v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 299 S. W. 285; Wilson v. Work, 122 Tex. 545, 62 S.W.(2d) 490; Associated Indemnity Corporation v. Poteet (Tex. Civ. App.) 48 S. W.(2d) 663; Great American Indemnity Co. v. Essary (Tex. Civ. App.) 57 S.W.(2d) 891; Bishop on Workmen's Compensation Law of Texas."

(3) "The 'date of injury,' as contemplated by this law, is the date of the employee's inability to procure and retain employment because of his injury, and an injured employee's having been paid by his employer in recognition of its liability as a result of such injury 26 weeks compensation following (and as for a successful) operation for hernia, and it having later and gradually developed that the operation was not successful, he was entitled to further compensation—under the general provisions of the law—beginning on the date of and continuing through the time of his actual inability to procure and retain employment, provided the total compensation paid to him did not exceed 401 weeks; nor—in such circumstances—was he required to file a claim for such additional compensation, unless and until the facts entitling him to it developed—that is, in this instance, that his hernia operation had been unsuccessful and would prevent his further procuring and retaining employment."

The appellee here, having filed a claim within six months after such facts developed, established a prima facie case under the compensation law, the venue of which properly lay in Fort Bend county; Texas Employers' Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390; Indemnity Ins. Co. v. Williams (Tex. Civ. App.) 69 S. W.(2d) 519; Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777; Bankers Lloyds v. Andress (Tex. Civ. App.) 55 S.W.(2d) 896; Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386.

(4) So, this was a case brought under the hernia provision of the Compensation Act—article 8306, § 12b—after an unsuccessful operation for that condition had been had, solely for the further compensation therein provided for in such a contingency; this section dealing with injuries resulting in hernia provides two distinct periods during which compensation is payable therefor, depending upon whether or not an operation has been had and has been successful—that is, it first recites: "If the employee submits to the operation and the same is successful * * * he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation. * * * if such operation is not successful and does not result in death, he shall be paid compensation under the general provisions of this law [that is, article 8306, § 10] the same as if such operation had not been had."

Under section 6 of the same (art. 8306) it is provided: "No compensation shall be paid under this law for an injury which does not incapacitate the employee for a period of at least one week from earning full wages, but if incapacity extends beyond one week compensation shall begin to accrue on the eighth day after the injury. * * * If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the day incapacity commenced."

Since these sections 6 and 10 of the general provisions of the law dominate the appellee's suit for the additional compensation following his unsuccessful operation for hernia, it seems plain, not only that he would not have been entitled to any more than he had already received as for a successful operation for that trouble, but that he was entitled to claim more for the disability that followed the unsuccessful operation he had undergone, which did not accrue, however, until he became incapacitated because of it from

further labor; that is the rationale both of the hernia section of the statute and of the courts' holdings last herein cited—the Morgan Case, 40 S.W.(2d) 205, not having arisen under section 12b, as for an operation for hernia that had been unsuccessful; in other words, "the date of injury" under this section and these authorities, means the date on which the employee became disabled to such an extent that he could neither procure nor retain employment; wherefore, the appellee's claimed compensation in this instance began to run from November 1st of 1932, when he first became incapacitated for further procuring and retaining employment. This appears to be plainly the meaning of the law in this regard, since it nowhere provides that compensation shall be paid during the period of 26 weeks immediately following the infliction of the injury as contended herein by the appellant.

The receipt signed by the appellee on November 5th of 1924 would seem to carry no material significance here, since at all events it had to do only with the 26 weeks' compensation he had received as for a successful operation not for that here involved, which had to do only with his alleged disabilities following what was charged to have been an unsuccessful one; upon like considerations, neither would the fact that appellee testified to having discovered the breakdown of his operation in 1931 seem material, or require that he give notice of any further claim on that account within six months from the time of such discovery on his part, because, as the court said in the Williams Case, 69 S.W.(2d) 519, 524, supra: "Compensation is not provided for pain and suffering, but for the loss of wages, and no necessity would arise for giving notice and filing claim so long as the employee lost no time from his work, and received regular wages, the while under the belief his injuries were trivial or not lasting. Texas Employers' Insurance Ass'n v. Clark (Tex. Civ. App.) 23 S.W.(2d) 405, 408 (writ dismissed); Holloway v. Texas Indemnity Insurance Co. (Tex. Com. App.) 40 S.W.(2d) 75, 78; New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175 (writ refused)."

Presumably the interpretation herein given section 12b was likewise officially given it by the Accident Board, since its final ruling on which this resort to the courts was had shows that it entertained the appellee's claim herein as having been made after due notice and in full accord with the statutory requirements, and refused the same, not because he had failed to give due notice thereof, as now claimed by the appellant, but because he had "failed to establish by proof that he suffered additional disabilities to that for which payment had heretofore been made."

Finally, it undisputedly appears that appellee's employer not only had immediate notice of the initial injury, but that its insurance carrier recognized its liability and paid him the 26 weeks' compensation as for a successful hernia operation; that thereafter—whatever his sufferings and his realization that, after all, the operation had not been really successful—he managed to continue his work for the same employer for the same wage until November 1st of 1932, then for the first time became in fact incapacitated to longer do that sort of work, and that within six months from that time he did duly file his claim for the additional benefits herein sought; these facts, under the authorities invoked, brought his case—at least prima facie—within the provisions of section 4a of R. S. art. 8307.