## BANKERS LLOYDS v. ANDRESS.

### No. 3928.

Court of Civil Appeals of Texas. Amarillo. Dec. 14, 1932.

Rehearing Denied Jan. 4, 1933.

Crate Dalton and J. W. Hassell, both of Dallas, for appellant.

Smith & Smith, of Anson, for appellee.

HALL, C. J.

Appellee Andress sued in the district court to set aside the award of the Industrial Accident Board rendered October 11, 1930, and entered nunc pro tunc October 24, 1930, which refused him compensation claimed by him for injuries which he sustained on or about August 30, 1928, while an employee of T. S.

Ross, who he alleges held a policy of insurance issued by the appellant, Bankers Lloyds.

The case was submitted to the jury, who found, in response to special issues, as follows: (1) That Andress did on or about the 30th day of August, 1928, suffer injuries to his eyes while engaged in the furtherance of the business of his employer, T. S. Ross, and while working on the Baptist Church building in the town of Hamlin; (2) that such injuries resulted in the total loss of the sight of both of his eyes; (3) that the injuries suffered by him resulted in the permanent loss of the sight of both eyes; (4) that Andress did not within six months from August 30, 1928, make application to the Industrial Accident Board for compensation; (5) that he had good cause for not filing a claim for compensation with the board within said time; (6) that he gave notice to his employer Ross or his foreman within thirty days that he had received an injury on or about August 30, 1928; (7) that he was not guilty of unreasonable delay in filing his claim for compensation with the board; (8) that his average weekly wage, prior to the day of his injury, was $18; (9) that it would not work a hardship or injustice upon plaintiff if compensation was paid him in weekly installments.

From a judgment entered in favor of Andress in the sum of $1,241.61, with 6 per cent. interest, awarding $7.20 per week for 242 weeks, this appeal is prosecuted.

It appears from the record that on October 11, 1930, the Industrial Accident Board entered an order and referred therein to his injuries as affecting his knee and shin. The claim was for injuries to his eyes. On October 24th, the award was amended nunc pro tunc making necessary correction in the description of the injuries sustained by him. He gave notice to the board on November 10, 1930, of his unwillingness to abide by the final ruling and decision.

■ The appellant's first contention is that the order of October 11th is the final ruling, and that, because notice of his unwillingness to abide by the judgment of the board was not given until the 10th day of November, or more than twenty days after the first order, the trial court had no jurisdiction. This contention is without merit. Revised Civil Statutes, art. 8307, § 5, provides that such notice shall be given within twenty days after the board's "final ruling and decision" has been rendered. The order of October 11th was a nullity because it was not supported by either pleading or evidence. Being fatally defective, it was amended and corrected by the final order entered on October 24th and the twenty days in which plaintiff was required to give notice commenced to run from that date.

By proposition No. 2 it is contended that, because Andress continued to work for Ross until he was discharged because his services were no longer needed and because his injuries did not develop for several months thereafter, the court should have instructed a verdict for the defendant.

■ While mixing mortar with a hoe on or about August 10th, some of the mixture was thrown into one of appellee's eyes. He consulted a physician, who said that his eye was badly irritated. He worked about two weeks after that time and during that two weeks was scraping plaster from a wall with a steel brush. He testified that the dust and mortar from the walls got into both of his eyes while his left eye was already inflamed as a result of getting mortar in it the first time. The condition of his eyes continued to grow worse, which resulted in total blindness, as found by the jury. The first issue submitted to the jury is not subject to the criticism we find in the brief. There was no such specific objection to this issue made in the trial court as is required by the statute but in the light of the record the contention is without merit. The court was not required to submit the occurrence on August 10th and the injuries resulting from the subsequent work separately. As said by this court in Texas Employers' Ins. Ass'n v. Wonderley, 16 S.W.(2d) 386, 389: "By injury is meant the state of facts or the condition which first entitles the claimant to compensation. In this case the injury did not develop until more than 2 weeks after the accident and the claimant suffered no loss of his earning capacity until that time."

Total incapacity in the instant case did not result until the plaintiff lost the sight of both eyes. It is clearly shown by the evidence, and the jury so found, that this resulted from a combination of the accidents and conditions complained of. They further found that he had good cause for not filing his claim within six months from August 30, 1928, and this finding is supported by the evidence. Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777.

■ That Andress continued to work after getting the mortar in one of his eyes and drew his wages regularly until he was discharged would not have warranted the court in directing a verdict for appellant in view of the fact that the doctor who treated his eye for the first injury expected him to recover from the effects within a few days.

■ By four of the five propositions appellant insists that the court should have given a peremptory instruction in its favor. We have carefully reviewed the record and in view of conflicting testimony and circum-

stances we think the court acted properly in submitting the case to the jury upon special issues.

Believing that a proper judgment has been rendered, it is affirmed.