## EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. WILLIAMS.

No. 4361.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1935.

Rehearing Denied April 15, 1935.

W. B. Handley, of Dallas, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

HALL, Chief Justice.

This is a workmen's compensation case in which the appellee has appealed from two awards previously made by the Industrial Accident Board upon two claims filed by him for compensation with which awards he was dissatisfied.

He alleged that on May 26, 1932, he was employed by Raymond Concrete Pile Company at Texarkana, and, while wheeling concrete in a wheelbarrow, he suffered a sunstroke while in the scope of his employment, and that on June 8, 1932, after he had returned to work for the same employer and while handling steel piling shells within the scope of his employment, one of the shells struck the index finger of his right hand, mashing, crushing, and dislocating it at the joint and causing it to become infected. He further alleged that the defendant was the insurance carrier under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.); that due notice of his two injuries was given and his claims for compensation were made within the time and in the manner prescribed by law. Plaintiff's petition contains other formal allegations usually made in such suits. He alleges that he was totally and permanently disabled, and sought compensation on account thereof.

Defendant answered with general denial and other pleas not necessary to mention here.

The case was tried to a jury and resulted in a verdict and a judgment in plaintiff's favor in the sum of $704.90, with costs and interest.

The appellant urges one assignment of error, as follows: The court erred in overruling and not sustaining defendant's timely request that the jury be directed to return a verdict in its favor. The proposition under the assignment is that the court should have directed a verdict for the defendant because the plaintiff's evidence and all the evidence conclusively discloses that plaintiff did not file his claims for compensation with the Industrial Accident Board within six months from the respective dates of his injuries, and because he neither pleaded nor sought to prove any good cause for his failure to sooner file his claim.

It is conceded that the statutory notice was given to the employer's foreman at the time or soon after the appellee was prostrated by heat and the next day after his finger was injured as alleged. No issue is made upon the question of notice; the sole contention of appellant being that the appellee did not file his claim within six months after his alleged injuries.

It is conceded that no claim was filed by the appellee until December 28th, more than six months after appellee sustained his injuries.

Plaintiff alleges in his petition that, within the time and manner prescribed by law, he filed notices of his injuries and claims for compensation in addition to the actual notice which the insurer had, and in addition to the prior notice which had been given the Industrial Accident Board by plaintiff's employer. That said employer, the defendant, and Industrial Accident Board each and all had notices of injury and claims for compensation within the time and manner prescribed by law in each and in both of said claims, and

oral demand for compensation in each within six months and for each and both of said injuries for which this suit is brought.

The evidence does not sustain this allegation as to the claims.

█ The statute (Vernon's Ann. Civ. St. art. 8307, § 4a) requiring the filing of a claim within six months is mandatory and is a condition precedent to the right of plaintiff to maintain his suit, unless he has a good excuse for failing to file such claim within the statutory period. The burden rests upon him to allege and prove a good excuse for not filing his claim within the statutory period. Morgan v. Petroleum Casualty Co. (Tex. Civ. App.) 40 S.W.(2d) 205; Texas Employers' Ins. Ass'n v. Palmer (Tex. Civ. App.) 66 S.W.(2d) 454; Texas Employers' Ins. Ass'n v. McGehee (Tex. Civ. App.) 75 S.W.(2d) 123, 125; Ocean Accident & Guarantee Corporation v. Pruitt (Tex. Com. App.) 58 S.W.(2d) 41.

█ As shown, the allegation is here that the claim was filed within the time. No demurrer was urged to the petition which called to the attention of the court or to the plaintiff this particular issue. If the plaintiff has a good excuse for the delay in filing his claim, he should be given the opportunity of pleading and proving it.

We think a fair and proper disposition to make of the appeal is to reverse the judgment because of the want of evidence showing compliance with this requirement of the statute and remand the cause to enable the plaintiff to amend his pleading, should he see fit to do so. Therefore, the judgment is reversed and the cause is remanded.