## GREAT AMERICAN INDEMNITY CO. v. ESSARY.

### No. 11414.

Court of Civil Appeals of Texas. Dallas.
Feb. 4, 1933.

Rehearing Denied March 11, 1933.

Turner, Rodgers & Winn, of Dallas, for appellant.

Coffman & Coffman, of Dallas, for appellee.

BOND, Justice.

This suit arises out of a workmen's compensation proceeding. Appellee, J. J. Essary, filed his claim for compensation before the Industrial Accident Board for injuries alleged to have been received by him while engaged in the employment of the Southland Ice Company of the city of Dallas. The Industrial Accident Board awarded appellee compensation. Not being satisfied with the award, appellee in due order filed this suit in a district court of Dallas county, against appellant, alleging all necessary causal and jurisdictional facts to confer jurisdiction upon said court. The appellant entered a general demurrer and a general denial.

The case was tried before a jury, and, on findings favorable to appellee, the court entered judgment in his favor. Appellant has duly appealed, and presents the record for review on the sole proposition that the court should have sustained its motion for an instructed verdict, that there was no evidence by which the trial court, nor this court, could determine or form any conclusion as to whether or not appellee was injured in Dallas county.

892

Article 8307, § 5, R. S. 1925, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides that one desiring to set aside an award of the Industrial Accident Board shall "bring suit in the county where the injury occurred." It is incumbent upon the party, who is not willing and does not consent to abide by the final ruling and decision of said board, to not only allege in his petition the county where the injury occurred, but to offer proof from which the trial court can find that such injury occurred in the county where the suit was instituted, or facts from which such venue might be inferred. Every intendment of the statute should be upheld to carry out the beneficent purposes of the Workmen's Compensation Laws of Texas. The purpose of the venue. is evident. Such suits necessarily involve the fact of the accident, the issues of the injury, and the wages of the claimant. Thus such suits brought in the county of the injury save expense, trouble, and delay incidental to trials. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084.

Courts are not authorized to take judicial knowledge that a certain place is in a city, or that a city is in a certain county, but courts can determine or infer from a reasonable interpretation of the testimony in a case that such place is in the city, and the city is in the county, and, if the particular city is a county seat, courts are authorized to take judicial knowledge that such city is in the county. Petroleum Casualty Co. v. Crow (Tex. Civ. App.) 16 S.W.(2d) 917, and authorities therein cited.

In the case at bar, there is evidence that Oak Cliff is in the city of Dallas, and the court takes judicial knowledge that said city is the county seat of Dallas county. The record further discloses that all of the witnesses to the fact of the accident, and the issue of the injury, reside in Dallas. The employer's residence is in Dallas; the hospital to which appellee was taken after the accident is in Dallas; the injured party lives in Dallas, and worked in Dallas, passing his home several times a day in a truck delivering ice to substations in Dallas. The witness W. C. Davis, when asked the location of the place where the injury occurred, stated it was "2120 West Davis Street," and made such statement immediately after testifying that he lived in Oak Cliff, and that Oak Cliff is in the city of Dallas. The record further shows that, immediately following the injury, appellee's employer, Southland Ice Company, sent a Dallas ambulance and a Dallas doctor to administer to the injured man.

Can it be reasonably concluded from Mr. Davis' testimony that "2120 West Davis Street" is in Oak Cliff, that Oak Cliff is in the city of Dallas, and that appellee was injured in Dallas county? We think so. While courts will not presume that a fact necessary to be proven does exist, certainly courts are required to give a reasonable interpretation to an evident intent and purpose of the lingo of witnesses when made in the trial of causes. We infer from the witness' testimony, together with the entire record, that but one conclusion can be reached, that is, that the accident and injury occurred in the city of Dallas, which this court judicially knows is in Dallas county.

We conclude that the judgment of the trial court should be affirmed.

Affirmed.