### SPENCER v. RHEA FINANCE CO.
### No. 12868.

Court of Civil Appeals of Texas. Fort Worth.

June 24, 1933.

Rehearing Denied July 22, 1933.

Houtchens & Houtchens and J. H. Craik, all of Fort Worth, for appellant.

Austin F. Anderson, of Fort Worth, for appellee.

CONNER, Chief Justice.

This suit was instituted in the district court by appellant against the appellee company to recover $500 actual and $1,000 exemplary damages for a wrongful and malicious conversion of a Ford sedan automobile. The conversion is alleged to have occurred on September 20, 1931. Upon the conclusion of the evidence the court directed a verdict, upon which a judgment was rendered for appellee company, and this appeal has been duly prosecuted therefrom.

The evidence has been carefully read and considered, and it shows that appellant purchased the car in May, 1930, and as payment, or part payment, executed a series of promissory notes of $15 each, payable at semi-monthly periods. To secure the payment of the notes appellant also executed a mortgage, giving the owner and holder the right to repossess the car in case of a default of the payment of any one of the notes. At all times involved the appellee was the owner and holder of the notes in due course.

When the note, payable by its terms February 17, 1931, became due, the appellee company by virtue of acceleration clauses declared the entire unpaid series due and later recovered possession of the car and sold it for the unpaid balance due on appellant's notes, amounting to an aggregate of $248.19.

Appellant urged and sought to prove that the unpaid notes had been extended for a period of fifteen days for a valuable consideration. The evidence relied on as so showing is substantially as follows: Four of the

series of notes in question were introduced in evidence, to wit:

A. Note due by its terms December 17, 1930, marked with pencil indorsement, "Will pay 12—31 sure," and marked, "Paid December 31, 1930."

B. Note due by its terms January 17, 1931, pencil marked above printed due date, "1.00 CC," and stamped, "Paid February 2, 1931."

C. Note due by its terms February 2, 1931, pencil marked above printed due date, "17th," and stamped, "Paid February 16, 1931."

D. Note due by its terms February 17, 1931, pencil marked above printed due date, "Mar. 2."

The identity of the person who entered the pencil marks above noted was not established.

There was also testimony in behalf of appellant to the effect that shortly before the note maturing December 17, 1930, because of the approaching Christmas period and other reasons, he phoned the office of appellee company and inquired if they would object "to carrying one over," and was told "they would not" if he would pay $1 therefor; that later his wife went to the office and paid the $1, and the note was extended and paid as above shown on December 31, 1930. There is evidence tending to authorize the inference at least that the $1 was demanded and paid as interest.

It is to be noted that the note next maturing by its terms on January 17, 1931, was not paid until February 2, 1931, fifteen days after its due date as originally written. It is also to be noted that the next note of the series, to wit, the note maturing by its terms February 2, 1931, was not paid until February 16th, fifteen days later.

Shortly before February 17, 1931, the automobile in question was stripped of tires, casing, and other parts by some person not identified by the evidence. It had been insured by a subsidiary corporation of the appellee company, and one of its agents came to appellant's residence with casings, etc., to restore the workable condition of the car. A dispute arose about the character and value of such parts which was finally settled by appellant consenting to a removal of the car to a garage in the city for satisfactory rehabilitation, with the statement, as appellant testified, that he might come and get the car on the succeeding day.

We will add that there is also evidence tending to show that the appellant was a railroad workman with pay days twice a month,

from which it may probably be inferred that he thought it necessary to provide for payments of $15 each in order to enable him to purchase the car, thus giving weight to the suggestion that the payment of the $1 and the extension of the note due December 17, 1930, was intended to also work as an extension of all succeeding notes of the series for fifteen days, otherwise a double payment would have been required on January 2, 1931.

It should also be noticed that at the time appellee company declared all notes due the unpaid sums aggregated $248.19, and that if the $1 paid in December, 1930, be regarded as a payment of interest it was such as to constitute a lawful rate for an extension of fifteen days on all notes then unpaid, but that as an interest charge for $15 for fifteen days only, the rate would be unlawful, a fact that will not be presumed.

If the December 30th $1 payment was as interest for a fifteen-day extension of all notes, as appellant contends, the consideration therefor is unquestionably sufficient and appellant was not in default at the time the appellee company seized and converted the car in question, if it did so. See Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; State Natl. Bank of Fort Worth v. Stratton-White Co. (Tex. Civ. App.) 50 S. W. 631; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434.

The well-recognized general rule is that before the trial court is authorized to give an instructed verdict it must appear from the record, viewed in its most favorable light, that the party against whom the verdict is instructed was not entitled to recover since the jury alone has the right to pass upon the credibility of the witnesses and the weight to be given to their testimony. Ballew v. McElroy (Tex. Civ. App.) 10 S.W. (2d) 213; Frazier v. Hanlon Gasoline Co. (Tex. Civ. App.) 29 S.W.(2d) 461; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

We accordingly conclude that the issues of whether the car was voluntarily surrendered and abandoned by appellant or converted by appellee, and whether the payment of the $1 in December, 1930, was paid and accepted as interest for an extension of the entire series of notes instead of an extension of the note maturing December 17, 1930, alone, should have been left to the jury, and hence that the court erred in giving the peremptory instruction, because of which we think the judgment below must be reversed, and the cause remanded for further proceedings.