**DRAPER v. PRESLEY et al.**

No. 12272.

Court of Civil Appeals of Texas. Dallas.

Nov. 13, 1937.

As Corrected on Denial of Rehearing Dec. 24, 1937.

Ralph C. Watson, of Dallas, for appellant.

Nathaniel Jacks, of Dallas, for appellees.

LOONEY, Justice.

This case originated in the justice court, was appealed and finally tried in the county court at law No. 1, and from its judgment this appeal was prosecuted. The facts will be stated as we think they were established by the evidence and as substantially found by the jury. Earnest Draper, appellant, was indebted to J. Earl Presley, appellee, in the sum of $85, being the unpaid balance of a promissory note, payable in installments, originally for $190, given as part purchase money for an automobile (De Soto coach) and was secured by a chat-

tel mortgage lien on the car. The mortgage contained provisions giving the mortgagee the right to repossess the car in case of default, also the power to sell at private sale for the satisfaction of the debt. On February 21, 1935, because appellant was in arrears two $15 installments, appellee turned the claim over to D. H. Duboise, an adjuster, with authority to collect the debt or repossess the car, agreeing to pay him a fee of $3. On the date just named, Duboise was in the act of taking possession of the car when, as the result of negotiations and after telephone communications by both appellant and Duboise with appellee's place of business, an agreement was reached whereby appellant surrendered possession of the car to Duboise, who agreed, for and on behalf of appellee (as we find from the evidence and as substantially found by the jury), to hold the car for ten days, and that, if within the time mentioned appellant paid the two last installments and the expense item of $3, aggregating $33, possession of the car would be surrendered to him. The extension agreement was evidenced by a written memorandum executed by Duboise, as follows: "2/21 1935. Received from Earnest Draper one 30 Desoto coach License 275–005, to be held ten days for above party for past-due payments at this date $30.00 fee $3.00," signed "Texas Auto Collection Bureau, by D. H. Duboise." The evidence satisfactorily shows that, before the expiration of ten days, appellant tendered to appellee $33 and demanded the return of his car. It was also shown that on same day the tender was made appellant, having perfected an arrangement for the money, offered to pay appellee in full the balance due upon the note. Both the tender and the offer to pay the indebtedness in full were declined by appellee, for the reason that, prior to the expiration of the ten days allowed, he sold the car and had parted with its possession. Thereupon appellant filed this suit in the justice court against both appellee and Duboise for damages for the alleged conversion of the car, alleging the value of same to be $198.50, for which amount he prayed judgment, less the amount owing appellee. Appellant also urged an alternative plea, which, under our view of the case, becomes immaterial. Appellee's answer contained, among other defenses, a general denial and a special plea denying Duboise's agency and authority to contract for appellee, as alleged by appellant.

■ . At the conclusion of the evidence, appellee moved for an instructed verdict, which was denied, and the court submitted the case to a jury on two issues—one as to the agency of Duboise, and the other in regard to the value of the car—to which the jury answered that Duboise had apparent authority to enter into the ten-day extension agreement, and that the reasonable market value of the car was $234. Appellant moved for judgment, which was denied; appellee moved for judgment non obstante veredicto, admitting that appellant was entitled to recover $7 under his alternative plea; the motion was sustained by the court, and judgment accordingly was rendered in favor of appellant for $7 against both appellee and Duboise. It is difficult to perceive on what theory the court rendered judgment against Duboise. The evidence shows indisputably that he acted simply as Presley's agent in repossessing the car, and had no connection whatever with its subsequent sale by Presley, hence the suit as to him should have been dismissed.

The action of the court in the respect just mentioned is challenged by appellant, the contention being that, as the findings of the jury were amply sustained by evidence, the court erred in rendering judgment for appellee, non obstante veredicto, and erred in refusing to sustain appellant's motion for judgment.

■ It is too well settled to require citation of authorities that a court should never instruct a verdict in behalf of either party if the issue of fact to be determined is supported by evidence upon which reasonable minds could differ; and that judgment non obstante veredicto should never be rendered in a case, unless a directed verdict would be proper. Article 2211, R. S., as amended by Acts 1931, c. 77, § 1, Vernon's Ann.Civ.St. art. 2211. But we do not think the case at bar belongs to that category. The evidence shows with reasonable certainty that appellant was induced to surrender possession of the automobile to Duboise (for and on behalf of appellee) on the assurance, evidenced by the writing, that the car would be held for ten days, and that, if within the time mentioned the overdue installments and the expense item were paid, the car would be returned to appellant. The record also discloses that, before the expiration of the ten-day extension, appellant tendered to appellee the sum of $33, being the aggregate of the two overdue installments and

the expense item, mentioned in the written memorandum, and demanded the car. Appellee refused the tender and failed to deliver the car, because, prior to the expiration of the ten-day limit, he sold and had parted with its possession.

We think the extension agreement was supported by a valuable consideration, in that, in addition to the amount of the overdue installments, appellant agreed to pay the expense item of $3 incurred by appellee when the claim was turned over to Duboise. So, at the time appellee sold the automobile, title to same was in appellant, hence the sale, being in derogation of his rights, constituted a conversion. The case of R-F. Finance Corp. v. Jones, 50 S.W. 2d 475, 476, by the Amarillo Court of Civil Appeals, is directly in point; also see Spencer v. Rhea Finance Co., Tex.Civ.App. 62 S.W.2d 631.

■■■ Having reached the conclusion that the court erred in rendering judgment for appellee non obstante veredicto, and as the matter to be decreed is certain, we are confronted with the problem of rendering such judgment as the court below should have rendered. Article 1856, R.S. Although the jury found the value of the automobile to be $234, appellant cannot recover in excess of the value of the car as alleged—that is, $198 less $88 (being the balance due on the note plus the expense item of $3), or $110, for which amount judgment will be rendered for appellant against appellee J. Earl Presley.

Appellee argues forcefully that, as appellant's petition failed to specifically allege the time and place of the alleged conversion, and as the evidence in regard to the value of the automobile was also indefinite, judgment for appellant could not properly be based thereon. The objection to the pleading is in the nature of a special exception, which should have been urged in limine, hence it cannot be considered, urged simply as a counter proposition or in argument. Considered in connection with the entire case, we think the evidence as to value is referable to the time and place of the actual conversion, and could not have been considered otherwise by the jury.

The judgment of the trial court is reversed; the cause as to Duboise is dismissed, and judgment is here rendered for appellant against appellee J. Earl Presley for the sum of $110, with 6 per cent. interest thereon from the date of entry of the judgment in the court below, and all costs incurred both in this and in the court below.

Reversed and rendered.

## On Motion for Rehearing.

■■■ Appellees insist that our decision of the case is incorrect, because appellant's petition, upon which the trial was had, was fatally defective (presenting fundamental error), in that it contained no allegation as to the place where the alleged conversion of the automobile took place.

It is doubtless true that appellant's petition (although of undue length, taking up nine pages of the transcript) does not specifically allege that the conversion of the car took place in the city of Dallas, yet we think that fact may be implied from the allegations made. Appellant alleged in substance that, on February 21, 1935, he surrendered possession of his car to Mr. Duboise, appellee's agent, with the understanding at the time (reduced to writing) that, if within ten days thereafter appellant paid appellee $33 (the amount of two over-due installments and a collection charge of $3), the car would be returned, alleging that Duboise represented that, in the meantime, the car would be stored in appellee's warehouse; and that on the ninth day (March 1, 1935), after the car was delivered to Duboise, appellant tendered appellees the $33 as stipulated; but having, in the meantime sold the car, appellee failed to return the car as agreed, and also failed and refused to account to appellant for its value, alleging in this connection: "That at this time plaintiff demanded of said defendants his said car or the reasonable market value of said car, less any money that he might owe them, but that though often demanded, defendants as often refused to do, and do now refuse to return to plaintiff his said car or the reasonable market value of it less any money that might be due and owing on said car by virtue of the aforesaid chattel mortgage. That the reasonable market value of said car in Dallas, Texas, at this time was One Hundred Ninety Eight Dollars ($198.50) Fifty Cents and that, therefore, plaintiff is damaged in the amount of One Hundred Thirteen Dollars ($113.50) Fifty Cents."

We think appellant's petition was good against the general demurrer and, although appellees urged 21 special exceptions, no objection was made that the petition was insufficient on the ground that it failed

to allege where the conversion took place. Having failed to expressly except to the petition in the respect mentioned, we do not think appellees should be permitted, by counter proposition or argument, to raise the question on appeal. The general rule is that a litigant may not in a Court of Civil Appeals urge special exceptions to a pleading not raised in the trial court. 3 Tex.Jur. pp. 184, 185, §§ 122, 123.

In the original opinion we said: "The objection to the pleading is in the nature of a special exception, which should have been urged in limine, and the action of the court thereon, if complained of, presented here in a cross-assignment of error; therefore, we cannot consider the matter urged simply as an argument." In view of the status of the record, we think the above statement somewhat inaccurate, and same will be withdrawn and the following will take its place, to wit: "The objection to the pleading is in the nature of a special exception, which should have been urged in limine, hence it cannot be considered, urged simply as a counter proposition or in argument."

In the course of the original opinion we said: "Considered in connection with the entire case, we think the evidence as to value is referable to the time and place of the actual conversion, and could not have been considered otherwise by the jury." With reference to this matter, appellees say: "There being no pleading as to the place of conversion and no evidence as to the time and place of conversion, any evidence as to value could not be referable to something which does not exist in the record, and the Court of Civil Appeals erred in not so holding." Also that we erred in rendering judgment for appellant based upon $198 as the value of the car, contending there is a complete absence of any competent evidence to show that the car was of that value.

▮▮▮▮ As a predicate for evidence and basis for judgment, we may also look to appellees' answer; in paragraph 5 of which appellees alleged that, on February 21, 1935, appellant being two months eight days in arrears in the payment of installments due on the note, by reason thereof and acting under the terms and conditions of the note and mortgage, appellees took possession of the car in question, "the same being then and there in Dallas, Dallas County, Texas," etc.

The evidence as to the time and place of the conversion and as to the value of the automobile alleged to have been converted, in substance, is as follows: Appellee's testimony is to the effect that he turned the account against appellant over to Duboise, with authority to collect the amount due or repossess the car; that about that time (February 21, 1935) Duboise brought the car in and delivered same to appellee (appellee testifying that his place of business was at 2201 Commerce street, as numbered by the city); and that, after the car was brought in by Duboise, appellee sold same to a man by the name of Garrett; asked: "Please state whether or not it is a fact this negro boy offered to pay everything that was owing on this car before the ten days was up?" answered: "I can't say, but he might have been in my office. He might have been in my office and me not know it, but I cannot testify accurately as to what the date was." It appears that Mr. Munster, who worked for the Oak Cliff Baking Company where appellant worked at the time, went with him to appellee's place of business, in an effort to redeem the car, and appellee informed him (Munster) that the car had been sold, but did not remember how many days had elapsed after it was brought in before the sale took place; that he told him (Munster) the car had been sold and there was no use for him to pay for anything that was already sold, stating, "As I recall, the man that was with the negro boy offered to pay off the whole thing." Mr. Munster testified that he went with appellant to appellee's place of business, eight or nine days after the written agreement of February 21, 1935, and that appellant offered to pay appellee the $33; that appellee replied, "I can't take it. I have already sold the automobile." He asked, "Then you refuse this money?" pulling out the money and offering it to appellee, who said, "I can't take it. The automobile has been already sold." He replied, "I don't see what right you had to sell this automobile according to your agreement," and appellee replied, "I can't help that." From this evidence, we think the conclusion inescapable that the conversion took place in the city of Dallas, Dallas county, Tex., within less than nine days after appellee alleged that the car was seized and taken possession of in Dallas, Dallas county, Tex. Great American In-

demnity Co. v. Essary, Tex.Civ.App., 57 S.W.2d 891, 892.

Bearing upon the question of value, appellant's testimony is to the effect that the car had been used before being purchased by him, that he had owned it about eight months, giving therefor his note for $190, payable in installments, and $70 allowed for his old car, a total consideration of $260; that up to February 1, 1935, the car had been driven 55,000 miles, and, for a car used to that extent, was in good condition and reasonably worth $260. Mr. Winters, a mechanic who worked at 2500 Main street, also handled automobiles through the summer months, testified that he kept in touch with the market value of used cars; being asked a hypothetical question based upon testimony as to the number of miles the car had been run and its condition, testified that, in his opinion, the car was worth $260 on March 1, 1935.

Being of opinion that our decision was authorized by both the pleading and proof, appellees' motion for rehearing is overruled.

Overruled.