COMMERCIAL CREDIT CORPORATION
et al., Appellants,

v.

Pablo FLORES, Appellee.

No. 3607.

Court of Civil Appeals of Texas.

Eastland.

March 24, 1961.

Rehearing Denied April 14, 1961.

Smith & Pope, Abilene, for appellants.

Robinson & Wilson, Abilene, for appellee.

COLLINGS, Justice.

Pablo Flores brought suit against Commercial Credit Corporation and A. C. Humphrey for conversion of a 1960 Ford automobile. He alleged that when he was only a few days late in making the second payment on an automobile he had purchased from A. C. Humphrey the defendant, Commercial Credit Corporation, demanded possession of his car; that, after some discussion, it was agreed that if plaintiff would surrender possession the defendant would hold the car for one week and would return it to the plaintiff if he made the second payment within that time, and paid an additional amount of $5 as a "late" charge. Plaintiff alleged and the jury found that he relied upon the agreement and tendered the delinquent payment plus the additional charge within the specified time, but that appellant refused to return his automobile. The trial was before a jury and based upon the verdict judgment was rendered against the defendants for the sum of $680, the amount found to be the difference between the value of the automobile when converted and the amount of money then owed by Flores. The defendants have appealed.

The effect of appellants' contention in their first five points is that there was no evidence, or that the evidence was insufficient to show that appellee Flores had any equity in the car at the time of the claimed conversion and that the jury finding on the damage issue was against the great weight and preponderance of the evidence, and, therefore, appellee was not entitled to recover any amount as damages; that the court erred in submitting to the jury special issue number 5 inquiring about the difference between the value of the automobile when converted and the amount of money then owed by Flores because there was no evidence to support the issue; that

the court erred in overruling appellants' motion for judgment non obstante veredicto, and in entering judgment against appellants for any amount.

A plaintiff who establishes his cause of action for conversion is entitled to recover the value of the converted property at the time of the wrongful taking together with interest from that date. 17 Tex.Jur.2d 168, 169. In cases where a mortgagor seeks damages from the mortgagee for wrongful taking of the mortgaged property, recovery is limited to the mortgagor's equity in the property, that is "to compensation for the loss sustained less the debt owed the mortgagee". 10 Tex.Jur. 2d 75; Wakefield v. Queisser, Tex.Civ. App., 293 S.W. 896.

Separate issues concerning (1) the value of appellee's automobile at the time of the alleged conversion, and (2) the amount of money owed by Flores at the time were not separately and specifically submitted to the jury. One special issue concerning these facts was submitted. Special issue number 5 inquired about the difference, if any, between the reasonable cash market value of appellee's automobile on January 28, 1960, and the amount of money owed to the defendant on that date. There was no exception to the issue on the ground that it was duplicitous.

Contrary to appellants' contention, we are of the opinion that there was ample evidence supporting the finding that the difference between the reasonable cash market value of the automobile and the amount owed by Flores was $680. One witness testified that in his opinion the value of the automobile at the time of the conversion was between $2,900 and $3,100. He stated that it would be worth an average of $3,000, even considering the fact that defendant was required to repair the automobile at an estimated cost of $184. There was evidence to the effect that the list price of the automobile at the time it was sold to Flores on November 6, 1959, was $3,300.

The purchase price of the automobile as shown by the record of the transaction and contained in the purchase money chattel mortgage executed by appellee Flores on November 6, 1959, was $3,000. An automobile traded in by Flores was shown to have, or was listed at, a value of $865. The $865 trade-in value was subtracted from the indicated dealer's price and there was noted an unpaid balance of $2,145 owed by Flores at the time he purchased the automobile. As indicated in this record of the transaction, there was an insurance premium in the amount of $211 and a credit discount or interest charge in the sum of $500. The insurance premium and interest charges added to the unpaid balance of $2,145 showed the total amount of Flores' obligation as purchaser to be $2,856.60. This total amount as set out in the note and chattel mortgage was made payable to appellant, Commercial Credit Corporation, in 30 monthly installments of $95.22 each. Flores paid the first monthly installment which was due on December 1, 1959, but failed to make the second payment due January 1, 1960. There was evidence to the effect, and the jury found, that Flores tendered the past-due installment plus an agreed $5 "late" charge on or about January 28, 1960, but that defendants refused to accept the payment and refused to return the automobile to Flores. The evidence supports the conclusion that at the time Flores purchased the automobile on November 6, 1959, he was indebted to defendants in the amount of $2,145, being the unpaid balance of the purchase price of the automobile after deducting his down payment of $865, plus insurance costs and interest. At the time of the conversion of the automobile on or about January 28, 1960, Flores therefore owed the defendants $2,145 less the first payment made by him in the amount of $95.22, plus insurance costs and interest properly chargeable to him prior to the time of the conversion. Since the total amount of interest and insurance costs for the entire 30-month period amounted to $711.60, Flores at the time of the conversion, which was less than three months from the time of the execution of the note, was indebted to the defendants for only a fractional amount of the total interest charge and insurance cost. The jury would have been justified in concluding that the amount of interest and insurance costs properly chargeable to Flores at that time did not amount to more than $140. When $140 is added to the unpaid balance of $2,145 owed by Flores at the time he purchased the automobile there would be a total amount of $2,285 owed by Flores at the time of the conversion, less his payment of $95.22, leaving an indebtedness of $2,189.78.

The evidence thus would support a conclusion that the value of the automobile at the time of the conversion on January 28, 1960, was $3,000 and that the amount owed by Flores on that date was $2,189. It therefore cannot be said that the finding of the jury that the difference between the reasonable cash market value of the automobile and the amount of money owed to the defendant at that time was $680 was *without support in the evidence, or that* the evidence was insufficient to support the finding. There was some evidence inconsistent with the verdict and judgment, but it was not conclusive, nor was it such as to justify a holding that the verdict was against the great weight and preponderance of the evidence. Appellants' position is largely based upon the assumption that the admitted and undisputed amount of appellee's debt at the time of the conversion was $2,761.38. Appellants' position in this respect is erroneous in that it ignores *the fact that appellee was not*, under the circumstances, properly chargeable with the total amount of interest and insurance costs for the full 30-month period contemplated in the note and chattel mortgage.

■ It was found by the jury in answer to special issues 1, 2, 3 and 4 that at the time the car was repossessed the agent of appellant Commercial Credit Corporation represented to Flores that it would be held

for a period of one week; that if Flores paid the past-due installment plus a $5 "late" charge during the week the car would be returned to him; that Flores relied upon said representation and did, within one week, tender to appellants the past-due installment and the $5 service charge, but that appellants refused to return the automobile as agreed and sold it. Contrary to appellants' contention, the pleadings and the evidence amply support the submission of the above special issues and the findings of the jury in answer thereto. We overrule appellants' points urging the contrary.

We also overrule appellants' contention, in effect, that there was no consideration for the agreement by appellants to accept a tender of the past-due installment within a week and return the automobile to appellee, and that, in any event, there should be no recovery from appellants because the terms of the mortgage specifically authorized the repossession and sale of the car.

A mortgagee may, under a mortgage such as the one here under consideration, take peaceable possession of the mortgaged property without the consent or even over the protest of the mortgagor. But where possession of the property is acquired by the mortgagee under an oral agreement to hold same for a specified time and that the property will be returned if the mortgagor within the stated time pays past-due installments and an additional sum of $5, and the mortgagor complies with the terms of the new agreement, a refusal by the mortgagee to return the car in accordance with the agreement constitutes a conversion for which the mortgagee must respond in damages. It is held that such an agreement is supported by adequate consideration. R-F Finance Corporation v. Jones, Tex.Civ.App., 50 S.W.2d 475; Woodard v. Tatum, Tex.Civ.App., 277 S.W.2d 943; Draper v. Presley, Tex.Civ.App., 111 S.W.2d 1124.

The judgment of the trial court is affirmed.