David WILSON, Appellant,

v.

The FIRST NATIONAL BANK IN CLEBURNE, Appellee.

No. 10–81–036–CV.

Court of Appeals of Texas, Waco.

June 17, 1982.

James E. Ferguson, Harry L. Dulick, Ferguson & Dulick, Inc., Cleburne, for appellant.

Hugh B. Higgins, Mahanay & Higgins, Cleburne, for appellee.

HALL, Justice.

This is an appeal from an action for the deficiency upon a note secured by a tractor and a counterclaim for conversion and negligent care of the collateral. Appellee, The First National Bank in Cleburne, filed this suit against appellant, David Wilson, for the deficiency outstanding on a $10,000.00 note after the repossession and sale of the collateral by Bank for $2,350.00. Wilson counterclaimed alleging that Bank repossessed his tractor in violation of their oral agreement extending the time for payment on the note. He pleaded that Bank's wrongful repossession and negligent care of the tractor resulted in his damages of $8,500.00. The case was tried to a jury.

There is evidence of the following facts. In October, 1979, Wilson executed a note with Bank for $10,000.00. As security for this note Wilson pledged his 1971 Ford diesel tractor, which was equipped with a back-hoe and front-end loader. The note was to be paid in a single installment on December 5, 1979; however, payment was not made. On March 3, 1980, while this obligation was still in existence, Wilson and a Bank officer agreed that the tractor would not be repossessed if Wilson would come to Bank on or before March 10, 1980 and pay $2,500.00 on the note and make arrangements for the note to be renewed or extended. A few days before the agreement Wilson had drained the water from the radiator and engine of the tractor in anticipation of a cold front. On March 6, 1980, without notice to Wilson, two employees of Bank effected a repossession of the tractor. After jump-starting the engine they allowed it to idle for sometime before driving the tractor to a nearby service station where a small amount of water was added to the radiator. It was then driven several miles across the City of Cleburne by a circuitous route to a location where it was kept by Bank prior to sale. The tractor was later determined to have a cracked engine block.

Thereafter Bank auctioned the tractor off in its damaged condition for $2,350.00. The proceeds from this auction were credited to the balance due on Wilson's note and

this suit was filed to recover the remaining deficiency. Wilson then brought his counterclaim for conversion and negligent care of the collateral seeking both actual and exemplary damages.

The jury made these pertinent findings:

(1) Wilson had executed the note and security agreement of October 5, 1979.

(2) Wilson was in default by the terms and conditions of the October 5, 1979 note and security agreement.

(3) The sale of the collateral on May 5, 1981 was a commercially reasonable disposition of the property.

(4) $8,486.36 would reasonably compensate Bank for the deficiency on the note after crediting Wilson with the proceeds from the sale of the tractor.

(5) Bank was negligent in repossessing the tractor.

(6) The negligence of Bank was the proximate cause of the damage to the tractor.

(7) Bank had agreed not to repossess the tractor if Wilson would pay the sum of $2,500.00 on or before March 10, 1980.

. . . .

(11) The market value of the tractor, in Johnson County, immediately before repossession by Bank was $8,100.00.

. . . .

(16) Bank's conduct in the repossession of the tractor was gross negligence. (Gross negligence was defined as "such an entire want of care, or the exercise of so slight a degree of care, as to justify the conclusion that the person in question was consciously indifferent to the welfare and safety of other persons and other consequences of such conduct.")

(17) Bank's gross negligence was a proximate cause of the occurrence made the basis of this suit.

(18) $5,750.00 should be awarded Wilson against Bank as exemplary damages.

Bank moved for judgment on the verdict in the amount of $2,736.36 (the balance left owing Bank after the $5,750.00 exemplary damages are subtracted from the $8,486.36 deficiency due Bank.) Bank did not move the court to disregard any jury finding. The motion was granted, and judgment was rendered that Bank recover $2,736.36 from Wilson plus interest thereon and costs of court.

Wilson contends that the trial court erred in rendering judgment for Bank in the above amount because the jury verdict, when considered as a whole, does not support the judgment. He argues .that under the record the court erred in disregarding the jury's findings that Bank was negligent in the repossession and that the value of the tractor just prior to the repossession was $8,100.00. Wilson contends that the proper judgment based on the verdict would award him the full value of the tractor prior to repossession plus the exemplary damages, less the $8,486.36 deficiency. still owed Bank on the note after crediting the proceeds of the sale. We sustain this contention except to the extent that it would permit Wilson a double recovery of the proceeds of the sale.

When rendering judgment upon a special issue verdict, the court must consider the verdict as a whole in light of the pleadings and the evidence. Rule 301, Vernon's Tex.Rules Civ.Proc.; *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233, 240 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). Under the terms of Rule 301, the trial court may not disregard a material jury finding on its own motion. *Missouri Pacific Railroad Co. v. Ramirez*, 326 S.W.2d 50, 53 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.).

Bank urges that the trial court properly disregarded the jury's finding establishing the value of the tractor at the time of the repossession because it is immaterial to the issues in the case. We disagree. The record shows that Wilson raised the issue of conversion in his pleadings and adduced evidence at trial in support of that issue. Evidence was also developed regarding the value of the tractor at the time of the conver-

sion. The jury found that the Bank had agreed with Wilson that it would not repossess the tractor if a payment of $2,500.00 was made on or before March 10, 1980. It is undisputed that the Bank actually repossessed Wilson's tractor on March 6, 1980, just three days after making the above agreement and four days prior to the agreed extension expiring. This act constituted an exercise of dominion or control over Wilson's property in denial of and inconsistent with his rights under the extension agreement and was thus a conversion. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971).

The usual measure of damages in a conversion suit is the market value of the property at the time and place of conversion. 15 Tex.Jur.3d 62, Conversion § 44. Where a mortgagor seeks damages from a mortgagee for the wrongful taking of the mortgaged property recovery is limited to value of the property lost less the debt owed the mortgagee. *Commercial Credit Corp. v. Flores*, 345 S.W.2d 432, 433 (Tex. Civ.App.—Eastland 1961, writ ref'd n. r. e.). Therefore, the jury's answer to special issue eleven establishing the value of the tractor at the time of the conversion was a material issue to Wilson's damages. Under Rule 301 the trial court should have considered the answer to this issue when determining the judgment to be rendered.

Wilson urges that he is entitled to the full $8,100.00 value of the tractor as found by the jury when computing his damages. However, the record establishes that Bank credited Wilson with the $2,350.00 it received when it sold the tractor. Furthermore, it is clear under the record that the jury considered the amount of this credit when computing the amount of deficiency remaining on the note in answer to special issue four. To allow Wilson to recover the full value of the tractor at the time of the conversion without deducting this credit he has already been given, would permit a double recovery. However, based on the

jury's verdict, Wilson is entitled to recover the value of the tractor at the time of the repossession less the $2,350.00 the Bank has already credited as payment on the note.

The judgment of the trial court is reversed and judgment is here rendered on the verdict that Wilson recover the amount of $3,013.64 from Bank, being $5,750.00 for actual damages plus $5,750.00 exemplary damages less $8,486.36 deficiency still owing on the note to Bank.

Costs of the trial and of this appeal are taxed against Bank.